Argued 2 July, decided 16 July, 1907.

## McCOY'S WILL.

### DENNING *v.* McCOY.

#### 90 Pac. 1105.

LAST WILL—PRESUMPTION OF REVOCATION FROM POSSESSION BY TES-
    TATOR—BURDEN OF PROOF.

1. Where a will is shown to have been executed and was last seen in the possession of the testator, its subsequent disappearance raises a strong presumption that the testator destroyed it as a method of revocation, and the burden of proving that it was not destroyed naturally rests on the proponent.

LAST WILL—EVIDENCE OF DECLARATIONS OF TESTATOR.

2. In a proceeding to establish and probate a lost will, declarations of the testator, whether indicating an intention not to adhere to the will as his will, or indicating an intention to adhere to it, are admissible.

From Douglas. JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is a proceeding to establish and probate a lost will. In the spring of 1900 J. J. McCoy made and executed in due form

of law his last will and testament. He died on the 9th of January, 1904, leaving real and personal property of the probable value of $3,000. After diligent search it was impossible to find his will, and on March 25, 1904, Snow Denning, one of the heirs, filed a petition in the county court to establish such will and for an order admitting it to probate, alleging that it had not been revoked but was in full force and effect at the death of the testator. The other heirs (Wm. A., John H. and S. D. McCoy) joined issue on the averments of the petition, and upon evidence taken in the county court a decree was rendered establishing the will, from which an appeal was taken to the circuit court, where the decree of the county court was reversed and the cause dismissed. From this decree Mrs. Denning appeals.

AFFIRMED.

. For appellant there was a brief and an oral argument by *Mr. Dexter Rice.*

For respondents there was a brief over the names of *W. F. Benson* and *James Owen Watson,* with an oral argument by *Mr. Watson.*

Opinion by MR. CHIEF JUSTICE BEAN.

The will sought to be established and probated in this proceeding was prepared by Judge Fitzhugh in lieu of a former will, and was executed in his office and witnessed by A. C. Marsters and H. W. Miller. It has never been seen since its execution, so far as the record discloses, and Fitzhugh, Marsters and Miller are the only persons who know anything about its deposition. There is an apparent conflict in their testimony as to whether it was left with Fitzhugh by McCoy after it was executed, or taken away by him; but we are clearly of the opinion, from a great preponderance of the evidence, that when last seen it was in the possession of McCoy. Fitzhugh testifies that he does not know what was done with the will; that McCoy took it with him when he left the office, and as the first will had been deposited in the bank he supposed the same was done with the second; that he, witness, kept all important papers, such as

deeds, wills and mortgages, locked in a safe in his office to which no one had the combination but himself; that a few months after the will was executed he vacated his office and took all the papers from his safe to his residence, where they were at the time he testified, except such as he had delivered to parties entitled thereto; that he had made diligent search among his papers for the McCoy will, and could not find it, and is satisfied he never had the will after it was executed; that some time before McCoy's death Denning, the husband of petitioner, told him that McCoy said his will was in his possession; that he thereupon made diligent search among his papers but could not find it, and sent word by Denning to McCoy to come to his house and he would convince him he did not have the will; that he met McCoy a short time afterwards, but he did not say anything about the will as witness expected him to do.

Marsters says that the will was in Fitzhugh's office when he left, but Miller testifies that Marsters left the office before McCoy. Miller says that he and McCoy went out of Fitzhugh's office together, and that the will was left there, but it does not appear that his attention was particularly called to the matter or that anything was said about the custody of the paper, and he does not testify that it was left with Fitzhugh for safe-keeping. His testimony is simply his recollection of a matter occurring some four years prior to the time his testimony was given, without there being anything in the transaction to call his attention to that particular feature. Fitzhugh, on the other hand, is quite positive that the will was not left with him, but that McCoy took it away, and in this he is corroborated by the fact that it cannot be found among his papers or in the place where it would probably be if in his possession, and by the further fact that McCoy did not leave the first will with him, although it was prepared by him and executed in his office, but deposited it in the bank as he would be likely to do with the second.

1. It must, we think, be taken for granted, therefore, that the will when last seen was in the custody of the testator, and since it could not be found after his death a legal presumption

is raised that it was destroyed by him with the intention of re-voking it, and the burden of proof is on the proponent to over-come this presumption: 1 Redfield, Wills, *330; Rood, Wills, § 356; Thornton, Wills, § 56; *Ewing* v. *McIntyre,* 141 Mich. 506 (104 N. W. 787) ; *Williams* v. *Miles,* 68 Neb. 463 (94 N. W. 705, 96 N. W. 151: 62 L. R. A. 383: 110 Am. St. Rep. 431). This presumption is said, by the Supreme Court of New York, to be a strong one and to stand in the place of positive proof: *Collyer* v. *Collyer,* 110 N. Y. 486 (18 N. E. 110: 6 Am. St. Rep. 405). It is, however, but a *prima facie* presumption, and may be overcome by circumstances or other proof to the contrary.

2. For this purpose declarations of the testator are competent evidence: *Miller's Will,* 49 Or. 452 (90 Pac. 1002). But evi-dence of declarations by the testator that he had destroyed his will or indicating an intention not to adhere to it is also com-petent to strengthen and fortify the presumption which the law attaches to the fact that the will cannot be found. "Whether it be the making of a will, or the destroying of one," said the Supreme Court of Ohio, "the competency of the testator's dec-larations as evidence is alike in each case and for the same rea-sons admissible": *Behrens* v. *Behrens,* 47 Ohio St. 323 (25 N. E. 209: 21 Am. St. Rep. 820).

Now, there is evidence on behalf of proponent of declarations of the testator made to the petitioner and her husband and other witnesses, after the execution of the will, which indicates an intention to adhere to it, and which tends to show that he did not mean to revoke it; but the force of this evidence is over-come by proof of positive declarations by the testator made to his wife and other members of his family that because of some real or fancied grievance against petitioner's husband he had, in fact, destroyed and revoked the will, and intended that his heirs should share and share alike in his estate. It is not neces-sary to state the evidence in detail; but it is sufficient to say that in our opinion the presumption, which the law attaches to the fact that the will cannot be found, has not been overcome by proponent.

The decree of the court below is therefore affirmed.

AFFIRMED.