SCHULTHEIS v. SCHULTHEIS et al.

(Supreme Court, Special Term, Kings County.   September, 1913.)

WILLS (§ 302\*) — ACTIONS TO ESTABLISH LOST WILLS — SUFFICIENCY OF EVI-
DENCE.

Under Code Civ. Proc. § 1861, authorizing actions to procure a judg-
ment establishing a will where a will of real or personal property, or
both, has been so executed that it might under the laws of this state be
admitted to probate, but has been lost or destroyed by accident or de-
sign, section 1862 providing that, if the facts necessary to establish the
validity of a will as prescribed in the preceding section are satisfactorily
proved, final judgment must be rendered establishing the will accordingly,
and section 1865 providing that the plaintiff is not entitled to a judg-
ment unless the will was in existence at the time of the testator's death
or was fraudulently destroyed in his lifetime, and its provisions are
clearly and distinctly proved by at least two credible witnesses, a cor-
rect copy or draft being equivalent to one witness, where there was no
attempt at any proof that the will sought to be established was fraudu-
lently destroyed in the testator's lifetime and the evidence to show its
existence at the time of the testator's death was scanty, unconvincing,
and conflicting, judgment would be denied.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 575, 581, 700–710;
Dec. Dig. § 302.\*]

Action by Mary Schultheis against William H. Schultheis and an-
other to establish a lost will.   On application for judgment by de-
fault.   Denied.

E. W. C. Cunningham, of Brooklyn, for plaintiff.

BENEDICT, J.   This action is brought under the provisions of
section 1861 et seq. of the Code of Civil Procedure to establish the
last will of Henry Schultheis, who is alleged to have died on January
12, 1913, a resident of the borough of Brooklyn, leaving both real and
personal property within this state.

The plaintiff is the widow and the defendants are two sons of the
decedent.   The defendants have failed to appear or plead in the ac-
tion and the papers were submitted to the Special Term for ex parte
applications after such default upon depositions of witnesses sworn
to before the court but not testifying orally.

It is alleged that the testator executed a will in favor of his wife
more than 20 years before his death, and it is sought to prove the
contents of that document, which it is attempted to show was lost
shortly before the decease of the alleged testator.   In order to main-
tain this action, the facts necessary to establish the validity of the will,
as prescribed in section 1861, must be satisfactorily proved (section
1862).   Section 1865 provides as follows:

"But the plaintiff is not entitled to a judgment, establishing a lost or de-
stroyed will, as prescribed in this article, unless the will was in existence at
the time of the testator's death, or was fraudulently destroyed in his life-
time;  and its provisions are clearly and distinctly proved by at least two
credible witnesses, a correct copy or draft being equivalent to one witness."

The proofs submitted do not satisfy the court that the will was in
existence at the time of the testator's death, and there is no attempt at

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r indexes

any proof that it was fraudulently destroyed in his lifetime. In fact, the evidence in support of the first proposition is quite unsatisfactory (Collyer v. Collyer, 110 N. Y. 481, 18 N. E. 110, 6 Am. St. Rep. 405; Matter of Kennedy, 167 N. Y. 163, 60 N. E. 442), and the court would not be justified in pronouncing a judgment establishing a will upon such scanty, unconvincing, and conflicting evidence, especially as some of it is incompetent as well as insufficient. The affidavit of service upon the defendant Robert B. Schultheis is defective in several particulars, and there is no proof at all in support of the allegation that the defendants are the only heirs at law and next of kin of the testator.

These last are matters of minor consequence, however, and might be remedied if the court held other views as to the merits of the proceeding than those indicated above; but, holding these views, I am compelled to deny the application.