---
Smith *v.* Wait.
---

---

SAME TERM.    *Before the same Justices.*

SMITH and wife *vs.* WAIT and others.

A recital, in a will, that the testator has executed a deed of certain premises to one of his sons, is evidence of a *perfect execution* of such deed, and that the grantee has the title to the premises ; so as to bar an action of ejectment brought by one of the heirs of the testator, for the recovery of an undivided portion of such premises.

The destruction of a will, by the testator, is not a revocation thereof, unless he intends thereby to revoke it.   And a lunatic can have no such intent.

If a man is incompetent to make a valid will, he is equally incompetent to revoke a will made previously.

EJECTMENT, brought to recover the undivided fourth part of about 94 acres of land, situate in the town of Clifton Park, in the county of Saratoga, which the plaintiffs claimed in fee in right of Mrs. Smith. The defendants pleaded the general issue. The cause came on to be tried before WILLARD, circuit judge, at the Saratoga circuit, in December, 1846. On the trial, the plaintiffs proved that Joseph Wait died November 5, 1845, in possession of the premises in question, aged about 69 years. That he left him surviving, four children and heirs at law, of whom Alba, the wife of the plaintiff Lucas Smith, was one. That this suit was commenced January 29, 1846. That both defendants were then in possession of the premises in question. The plaintiffs then rested, and the defendants introduced in evidence the last will and testament of said Joseph Wait, dated October 30, 1845, which will was duly proved before the surrogate of Saratoga county as a will of real and personal es-

tate, in December, 1845. The third clause in said will, referring to the premises in which the plaintiffs claimed an undivided interest, was as follows, viz. " To my son George Wait I have executed a title deed of the farm on which I now reside, containing about seventy-three acres of land ; also, another lot of about twenty-one acres ; all lying in the town of Clifton Park, and more fully described in said deed, which title deed and possession shall not pass to the said George until at and after my decease, and shall, at the date of passing the same, be only passed to him on the following conditions, viz. that he enter into a covenant with his mother, the woman with whom I now live, with sufficient security, to keep and maintain her in a comfortable manner during her natural life, either at his house, or provide otherwise for her support as would reasonably be required." The land described in this clause is the premises in question in this suit. The defendants here rested their cause, and insisted that said will and the declaration therein that the testator had conveyed the premises to George, prima facie vested the title in the defendant George. The plaintiffs' counsel insisted that the will did not devise any estate ; that it recited a conveyance of the premises that was to take effect only upon a condition which was not proved to have been performed. The court held that as the case then stood the title was out of the plaintiffs, and prima facie in the defendant George Wait. To which decision the counsel for the plaintiffs excepted. David W. Wait was thereupon introduced as a witness on the part of the plaintiffs, and testified that said will was drawn and signed October, 30, 1845, and he testified to facts tending to show that Joseph Wait, the testator, was of unsound mind and memory at the time of making such will, and not competent to make a will. Two other witnesses for the plaintiffs testified to the same facts substantially. The plaintiffs then rested. William Wait, a witness produced on the part of the defendants, testified to facts tending to show that the testator was of sound mind and memory, and competent to make a will, at the time of making the said will. The witness further testified that on the 30th day of October, 1845, before such will was drawn, and

upon the same day, at the request of said Joseph Wait, he got a former will of the said Joseph, which was destroyed by the testator just before signing the will above mentioned. It appeared on the trial that the same land was devised by the old will to the defendant George Wait; and it was insisted on the part of the defendants, that if, at the date of the last, the testator was incompetent to make a new will, he was incompetent to revoke the old one, which was executed before the alleged incompetency; and that the plaintiffs were therefore not entitled to recover. The defendants' counsel, on the contrary, insisted that the revocation of the old will was valid, and that the last will did not defeat the title of the plaintiffs, as the testator was incompetent to make it. The court held that if the testator was incompetent to make the last will, he was equally incompetent to revoke the other, and that the plaintiffs were therefore not entitled to recover, upon the evidence. To which decision the counsel for the plaintiffs excepted. The jury thereupon, under the direction of the court, rendered a verdict in favor of the defendants; and the plaintiffs, upon a bill of exceptions, moved for a new trial.

*E. F. Bullard*, for the plaintiffs.

*J. K. Porter*, for the defendants.

*By the Court*, CADY, P. J. The will given in evidence by the defendants, had been regularly proved before the surrogate as a will of real estate, and that entitled the defendants to read it in evidence. The recital in the will that the testator had *executed* a deed to the defendant George Wait, was evidence of a perfect *execution* of such deed, and that he had the title to the premises in question. The judge therefore was right in ruling that as the evidence then was, the plaintiffs had no right to recover. The plaintiffs then gave evidence tending to prove that the testator was of unsound mind when he made the said will, and the defendants gave evidence tending to show that the testator was of sound mind when he made the same. This

left the case as it was before. The defendants then proved, without objection, that on the day the said will was made, the testator destroyed a former will which he had made, by which the premises in question were devised to the defendant George Wait, and it was ruled by the judge, that if the testator was incompetent to make a valid will when the last will was made, he was incompetent to revoke a will made before; and if the last will was invalid because made when the testator was of unsound mind, the defendant George Wait had a title under the former will. The judge was right in this. The destruction of a will by a testator is not a revocation of the will, unless he intends thereby to revoke the will. (2 *R. S.* 64, § 42.) A madman can have no such intent. 2 *R. S.* 48, § 74, does not apply to this case. That applies only to a case where a will may be established before the chancellor, so that the surrogate may grant letters testamentary thereon. The motion for a new trial therefore is denied.

Motion denied.

