Matter of Proving the Last Will and Testament of JAMES H.
MILLER, Deceased.

(*Surrogate's Court, Rensselaer County, June,* 1906.)

WILLS—THE TESTAMENTARY INSTRUMENT OR ACT—REVOCATION—RIGHT TO
REVOKE, HOW ACCOMPLISHED—CANCELLATION.

Where a paper offered for probate as a will of a deceased person
came directly from the safe of the decedent and there are no grounds
to suspect that it has been tampered with and the signature is can-
celed by pen marks and below it in decedent's handwriting are the
words " Am going to make a new will;" and where several important
changes in the family of decedent have occurred since the paper was
drawn, it will be presumed the will was revoked and probate will be
denied.

Proceeding upon the probate of a will.

E. L. Boothby, for petitioner; Charles Irving Oliver, special
guardian and also for Josephine Post; E. A. Heffner, for Tyler
D. Miller and Evaline D. Rubert, next of kin.

HEATON, S.—This will was found in the safe of the deceased
at his place of business, and across his signature thereon were
five pen marks such as one would make in canceling a signature
and they were so distributed that they affected the whole signa-
ture even to the middle initial of his name. Under this signa-
ture in the handwriting of the deceased were written the words
" Am going to make a new will." This paper was in an en-
velope marked as the will of the deceased which had been sealed,
and later opened at the end.

The son of the deceased, who is the executor named in the
will, testifies that he took the will from the safe after his
father's death in its present condition and that he believes no
one had access to the safe except his father. The will was holo-
graphic and made in 1888 and divided his property among his

children, issue of a deceased child, and his wife. Subsequently his wife died and one of his daughters married and died leaving two children.

The will comes directly from the safe of the testator to the court with not the least suspicion of its having been tampered with by any person.

Furthermore the words " Am going to make a new will " written by the deceased below his canceled signature indicate that he himself canceled the signature.

We have then these undisputed facts:

A will eighteen years old.

Several important changes in the family of testator after the making of the will.

From these facts a court is allowed to draw but one conclusion, the legal conclusion of revocation. Matter of Hopkins, 73 App. Div. 559; 172 N. Y. 360; Matter of Brookman, 11 Misc. Rep. 675; 67 N. Y. Repr. 397; Matter of Philp, 19 N. Y. Supp. 13; 46 N. Y. St. Repr. 356; Matter of Alger, 38 Misc. Rep. 143.

The fact that the testator was acquainted with the law of wills strengthens the presumption of revocation by cancellation, since the method adopted by him has long been recognized as a proper and legal manner of revoking a will.

Let a decree be prepared denying probate.

Probate denied.

# NOTE ON REVOCATION OF WILLS BY CANCELLATION, ETC.

(See section 34, Decedent's Estate Law; also, note on Alterations in Wills, Mills' Surr., volume 4, page 372.)

## GENERALLY.

The statute disposes of the whole question of implied revocation. Delafield v. Parish, 25 N. Y. 9.

Section 34 of the decedent's estate law construed, and held that in the first clause thereof, the act of revocation becomes effectual whether it relates to the whole will or simply to some portion thereof. The second clause held to require no such construction; the words "or any part thereof" are omitted. The will itself is to be burned, torn, cancelled, obliterated or destroyed, not with the intent or purpose of altering it, but as the statute says, "with the intent and for the purpose of revoking the same." Lovell v. Quitman, 88 N. Y. 377.

The revocation of a will can be accomplished only in the manner pointed out by the statute, which statute supplants and disposes of the entire doctrine of implied revocation. The lapse of a bequest or devise cannot effect the revocation of a will. Matter of Davis, 105 App. Div. 221.

There must be an intent to destroy the will for the purpose of revocation. A lunatic can have no such intent. Smith v. Wait, 4 Barb. 28.

But the intention is of no consequence, unless carried out by some act amounting to a cancellation or revocation. Clark v. Smith, 34 Barb. 140.

## BY CANCELLATION.

A codicil to a will is cancelled where the testator has drawn across all its provisions, including the signature and attestation clause, numerous cross marks in lead pencil, and has also written the word "canceled" in two places in the attestation clause and in another place the words "April 19, 1895." Matter of Alger, 38 Misc. 143.

## BY DESTRUCTION.

Proof of the "injury or destruction" of a will, by two witnesses, is only requested when the act has been performed by some other person, in the testator's presence, and by his direction or consent. Buckley v. Redmond, 2 Bradf. 281.

Where a will has been lost or destroyed, under circumstances showing that it was not done with the knowledge or consent of the testator, it may be established as his will, whether the loss or destruction took place before or after his death. Schultz v. Schultz, 35 N. Y. 6.

It is not fraudulent for a person to destroy a will at the request of the testator. Timon v. Claffy, 45 Barb. 538.

The same mental condition is required in a testator for a valid destruction as for a valid execution of his will. Matter of Waldron, 19 Misc. 333.

Where a will is executed in duplicate, a destruction of one, in the absence of evidence to the contrary, will raise a presumption that both were to be destroyed. Asinari v. Bangs, 3 Dem. 385.

A revocation of one of such duplicate wills is a revocation of both. Crossman v. Crossman, 95 N. Y. 145.

A specific devise of real estate can only be revoked by the destruction of the will * * * during the testator's life. Burnham v. Comfort, 108 N. Y. 535.

## BY ERASURE.

A duly executed will, giving a certain sum to each of two persons named, having been altered by the testatrix's merely erasing the name of one and the word "each" is not "revoked or altered" within the meaning of section 34, Decedent's Estates Law, and will be admitted to probate as originally executed. Matter of Kissam, 59 Misc. 307.

Erasures, interlineations and additions made to a will after its execution do not change the will unless it is re-executed with all the statutory formalities, and the will should be probated as though alterations had not been made. Matter of Ackerman, 129 App. Div. 584.

## BY INTERLINEATION.

The inserting of words in lead pencil apparently for the purpose of indicating changes to be made in the preparation of a new will does not show intention of revoking the will before the new will was executed. Matter of Raisbeck, 52 Misc. 279.

## BY MUTILATION.

Testator tore his will into ten or twelve fragments, which were carefully collected by his wife and sewed together in such a manner that the instrument was perfectly legible when propounded for probate. The testator was of sound mind, though in infirm health, at the time of the tearing and expressed satisfaction at its destruction. Held, that there was a valid revocation of the will. Sweet v. Sweet, 1 Redf. 451.

The tearing up of a will is not to be considered a revocation, if the testator was at the same time under such mental excitement as incapacitated her from forming a reasonable and intelligent intention to revoke her will. Matter of Foreman, 1 Tuck. 205.

## BY OBLITERATION OF CLAUSES.

Where testator's will consists of six pages, the writing on four pages of which has been marked through with ink lines and a marginal note written on each of such four pages in testator's handwriting declaring such lines void, held no revocation, and the entire will as executed must be admitted to probate. Gugel v. Vollmer, 1 Dem. 484.

A will will not be denied probate for the mere obliteration of the testator's signature by a number of vertical lines drawn through the same; especially where there was no apparent reason for the revocation of the will and it appears that the vertical strokes over the signature were made by a firm, vigorous hand and could not have been made by the testator who wrote with a trembling hand. Matter of Hopkins, 73 App. Div. 559. (Reversed on other grounds, 172 N. Y. 360.)

A revocation of a portion of a will cannot be made by obliterating a clause, even if it be done with intent to revoke the same. Such an alteration can only be effected in the manner prescribed by statute. Delafield v. Parish, 25 N. Y. 9.

A testator may cancel and revoke his will by drawing ink lines through the signature, *animo revocandi.* Matter of Brookman, 11 Misc. 675.

## BY OTHER WRITING.

Testator wrote on margin of the will the following words, "This will and codicil is revoked." This was held to be no revocation by cancellation. Matter of Akers, 74 App. Div. 461.

Where a will and codicil are written on two sheets of legal cap paper containing the usual margin, the action of the testator in writing lengthwise of the pages in the blank margin space the words "this will and codicil is revoked," together with the date and his signature, does not operate as a revocation, especially where it appears that no portion of the body of the will or codicil was cancelled or obliterated by the writing. Matter of Akers, 74 App. Div. 461, affd. 173 N. Y. 620.

## BURDEN OF PROOF.

If a will is not found after the death of the testator, it is presumed that the testator destroyed it *animo revocandi;* and he who seeks to establish the will as lost or fraudulently destroyed assumes the burden of proof. Collyer v. Collyer, 110 N. Y. 481.

The presumption that a fact, continuous in its character, continues to exist until the contrary is proved, and that there is a presumption that an instrument shown to have been executed continues in existence, has no application to an ambulatory instrument like a will or codicil; as to such an instrument the presumption is the other way. Matter of Kennedy, 167 N. Y. 163.