Proceed accordingly.

---

(94 Misc. Rep. 12)

### In re POTTER'S WILL (two cases).

(Surrogate's Court, Rensselaer County. February, 1916.)

1. JURY ☞19(7½)—RIGHT TO JURY TRIAL—PROBATE PROCEEDINGS.

Under Code Civ. Proc. § 2538, providing that, in any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate must make an order directing trial by jury if any party appearing in the proceeding seasonably demands it, and section 2617, requiring objections to be filed at or before the close of testimony on behalf of the proponent, or at such subsequent time as the surrogate may direct, and that, if a jury trial of any issue is desired, it must be demanded in the objections, the right to demand a jury trial is not limited to a person opposed to the probate, but is given by section 2538 to any party appearing in the proceedings.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 111; Dec. Dig. ☞ 19(7½).]

2. JURY ☞25(6)—RIGHT TO JURY TRIAL—PROBATE PROCEEDINGS—DEMAND.

A written demand by the proponent of a will for a jury trial filed December 19, 1914, after the filing of written objections to the probate on November 9, 1914, and a demand for jury trial in the objections to the probate of another will of the same testator, filed on the return day of citation, were both seasonable.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 159–164; Dec. Dig. ☞25(6).]

3. JURY ☞19(7½)—RIGHT TO JURY TRIAL—DISCRETION OF SURROGATE.

An amendment of Code Civ. Proc. § 2538 made April 13, 1915, giving the surrogate power in his own discretion to order a jury trial when no seasonable demand had been made therefor, applies to pending probate proceeding.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 111; Dec. Dig. ☞ 19(7½).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. WILLS ⊚═312—PROBATE—CONSOLIDATION OF PROCEEDINGS—DISCRETION OF COURT.

 The consolidation of two proceedings for the probate of distinct instruments as the last will of testator, in which the parties are identical and no issues have been tried, is within the discretion of the surrogate.

 [Ed. Note.—For other cases, see Wills, Cent. Dig. § 739; Dec. Dig. ⊚═ 312.]

In the matter of the estate of Charlotte Potter, deceased. Proceedings for probate of two wills, ordered consolidated for jury trial.

Order affirmed 157 N. Y. Supp. 1142.

Douglas & Gordon, of Troy, for petitioner for probate of will of May 8, 1912.

Shaw, Bailey & Murphy, of Troy, for party opposed to such probate.

Shaw, Bailey & Murphy, of Troy, for petitioner for probate of will of September 8, 1913.

Douglas & Gordon, of Troy, for party opposed to such probate.

RUSSELL, County Judge and Acting Surrogate. Two wills are offered for probate, and in the proceedings relating to them there are two motions before the court—one relating to the question whether or not the above-entitled proceedings should be consolidated; the other relating to the question of granting a jury trial in the proceeding of the probate of the will dated May 8, 1912, where the demand for said jury trial was made by a party to the proceeding in behalf of the probate of said will, when no demand was made by a party to the proceeding in the objections to said probate.

The petition for the probate of the will dated May 8, 1912, was filed October 7, 1914. The petition for the probate of the will dated September 8, 1913, was filed November 24, 1914. On the return day of the citation, November 9, 1914, written objections to the probate of the will dated May 8, 1912, were filed by a party to the proceeding. An adjournment was taken and a written demand for a jury trial was filed by a party to the proceeding in favor of the probate of said will December 19, 1914. Written objections were again filed to the probate of the will dated May 8, 1912, by a party in interest December 21, 1914. An appeal was taken and a written demand for a jury trial was again filed by a party to the proceeding in behalf of said probate October 15, 1915. A written answer and objections to the probate of the will dated September 8, 1913, and a demand for a jury trial in the objections, were filed December 17, 1914. All matters relating to both proceedings were subsequent to September 1, 1914, and therefore governed by the new Surrogate's Practice Act (Code Civ. Proc. c. 18).

[1] Section 2538 of the Code of Civil Procedure reads as follows:

"In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, and in any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same, and in any proceeding in which any controverted question

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of fact arises, of which any party has, or has not, constitutional right of trial by jury, the surrogate may, in his discretion, make such order without such demand."

Section 2617 of the Code of Civil Procedure reads as follows:

"Such objections must be filed at or before the close of the testimony taken before the surrogate on behalf of the proponent, or at such subsequent time as the surrogate may direct, and if a jury trial of any issue is desired the same shall be demanded in the objections."

I do not see, in reading sections 2538 and 2617 together, that any meaning can be gathered to the effect that a person who makes a seasonable demand for a jury trial must necessarily be confined to the person or persons who seeks or seek to oppose the probate of a will and must make such demand in his or their objections; but, on the contrary, I am of the opinion that section 2538 gives the right of trial by jury to any party appearing in any proceeding in which any controverted question of fact arises, whether such party is for or against the probate of a will.

[2] In the proceeding of the will dated May 8, 1912, written objections to the probate were filed November 9, 1914, an adjournment was taken, and on December 19, 1914, a written demand for a jury trial was made by the proponent of the will. In the proceeding of the will dated September 8, 1913, a demand for a jury trial in the objections was filed on the return day of the citation. The demand in each proceeding was made before any party had begun to try any controverted question of fact. The demands in both proceedings were seasonable.

It was evidently not the intent of the Legislature to limit or deprive any party to any proceeding of his right of trial by jury by the language embodied in section 2617, in case he made the demand under section 2538 when said party was a party in interest in behalf of the probate of a will and not in the objections as a party in interest opposed to the probate of a will.

[3] The question has also been raised by counsel that the amendment to section 2538 made April 13, 1915, which gave the surrogate power in his own discretion, when no seasonable demand had been made by either party, to order a jury trial, does not reach these cases. There being a seasonable demand, as above stated, it was unnecessary for the court to consider the powers conferred by the amendment made April 13, 1915. Even though the demand were not made in the proceedings in question, I am of the opinion that the surrogate could order a jury trial under the amendment to section 2538 made April 13, 1915.

"It is well settled that the Legislature may change the practice of the court, and that the change will effect pending actions, in the absence of words of exclusion. * * * It is the right of a party to have his case heard and decided in the orderly course of legal procedure, but he has no right to demand that the procedure prescribed when the action was commenced should remain unchanged." Lazarus v. Metropolitan El. Ry. Co., 145 N. Y. 581, 40 N. E. 240; Laird v. Carton, 196 N. Y. 169, 89 N. E. 822, 25 L. R. A. (N. S.) 189; Sackheim v. Pigueron, 215 N. Y. 62, 109 N. E. 109.

[4] The question of consolidation is discretionary with the court. In both of the above-entitled proceedings, the parties are identical. No issues have been tried in either proceeding. It therefore would be an unnecessary expense to both the parties in interest and the county, and an unnecessary delay in the determination of both proceedings, not to consolidate them. I am therefore of the opinion that a seasonable demand was made for a jury trial of the issues raised by the objections filed to the probate of the will dated May 8, 1912, and that the proceedings should be consolidated, and also that the issues raised in said proceedings can be more speedily and conveniently tried before the acting surrogate and a jury. An order may be entered accordingly.

Decreed accordingly.