Matter of the Estate of JAMES J. McCABE, Deceased.

(Surrogate's Court, New York County, October, 1921.)

Wills — contested probate — when separate trial of issues disallowed.

> Where in a contested probate proceeding the issues are interdependent separate trials of framed issues will not be ordered.

MOTION for separate and immediate trial of framed issues.

Gillespie & O'Connor, for proponent.

Cohen, Gutman & Richter (Julius Henry Cohen, Frank F. Kirkpatrick and Kenneth Dayton, of counsel) for contestants.

A. Welles Stump, special guardian.

John E. O'Brien, for Patrick Rohan.

FOLEY, S.   Upon the call of the calendar contestants moved orally for a separate and immediate trial of the sixth and thirteenth framed issues as to whether the alleged lost will of 1915 was in existence at the time of decedent's death, or was fraudulently destroyed during his lifetime.   Code Civ. Pro. § 1865, now Surr. Ct. Act, § 143.   A subsequent will and codicil, dated

Surrogate's Court, New York County, October, 1921.   [Vol. 116.

1918, were rejected upon the finding of the jury that the testator lacked testamentary capacity.  An appeal was taken and is now pending before the Appellate Division.  The contestants contend that a final determination of all the rights of the parties will be expedited by the separate trial of the issues referred to above.  Disregarding the technical objection raised to the informality of this motion, and the failure of the moving parties to apply upon affidavits and formal notice of motion, the motion must be denied upon the merits.

The contestants claim that these issues are severable and a separate trial thereof would establish that the alleged lost will should be rejected on either of these grounds.  They also claim that the trial of these issues would not involve the trial of the other issues, and especially the issue of testamentary capacity.  A will not found after death, if in the possession of a testator, is presumed to have been revoked.  *Matter of Kennedy,* 167 N. Y. 163.  It appears that the lost will now propounded was delivered to the decedent in 1918 at the time he executed the later will.  The jury found that the decedent lacked testamentary capacity at that time.  The contestants herein allege that the decedent was not only of unsound mind in 1918, but that he lacked testamentary capacity when he executed the lost will in 1915.  The proponents, of course, rely on the competency of the testator when he executed the lost will.  It would seem therefore that the issues are interdependent.  Proof of existence, fraudulent destruction or revocation by the decedent would necessarily involve the mental condition of decedent in 1918.  The destruction of the lost will by the testator when he was of unsound mind would not be a valid revocation.  *Matter of Ascheim,* 75 Misc. Rep. 434; *Matter of*

*Forman,* 54 Barb. 274; *Delafield* v. *Parish,* 25 N. Y. 9, 60.

But irrespective of these considerations the present appeal, affecting the validity of the alleged last will should be finally disposed of in an orderly manner before any litigation in regard to a prior will is allowed to proceed. This has been the long-established policy of this court. Any other course would result in unneccessary litigation, burdensome to the parties and to the estate.

Surrogate Fowler pointed out in *Matter of Plate,* 93 Misc. Rep. 423, the peculiar correlation of the issues in contested probate proceedings. One great advantage obtained in the revision of 1914 was to abolish delay by providing for but one trial of the validity of the will. This advantage was pointed out by the revisers and has since been justified by experience. Separate trials of the issues of undue influence, testamentary capacity or the statutory requirements of execution, with separate appeals and possible retrials, would plainly delay the final determination as to the distribution of the estate.

The property and funds are protected by the temporary administration. In effect, the granting of this motion, or the trial of the validity of any prior will, would anticipate the affirmance of the decree now on appeal by the appellate courts. Further proceedings must await the final determination of the pending appeal.

Motion denied,