In the Matter of Proving the Last Will and Testament of CORNELIUS S. PINKNEY, Deceased.

(Surrogate's Court, New York County, December, 1921.)

**Wills — where there is a right of trial by jury in two contested probate proceedings the proceedings will not be consolidated — last will must be tried first — Surrogate's Court Act, § 65.**

Under section 2535 of the Code of Civil Procedure, now Surrogate's Court Act, section 65, consolidation presupposes the pendency of two or more proceedings, and where upon an application for an order of consolidation and for the framing of questions for a jury upon the issues of due execution, testamentary capacity and undue influence arising out of four wills alleged to have been made by decedent, it appears that no petition has been filed for the probate of either of the two intermediate instruments, the application must be denied as to them.

Misc.]    Surrogate's Court, New York County, December, 1921.

The last will which in terms revoked all prior wills cannot be considered as codicillary to the first will and must be tried first in a separate proceeding and the application for an order of consolidation will be denied *in toto*.

MOTION for consolidation of probate proceedings.

Spitz & Bromberger (Henry W. Jessup, of counsel), for motion.

Thomas E. Rush (Harold E. Lippincott, of counsel), opposed.

COHALAN, S.   This is an application for an order of consolidation and for the framing for jury trial of the questions of due execution, testamentary capacity and undue influence arising out of four wills of the decedent.   The wills are dated, respectively, January, 1921, December 21, 1920, December 15, 1920, and June 28, 1918.   The first questions relate to the validity of the 1921 will.   If probate of that be denied, the jury is to answer the questions relating to the will of December 21, 1920, and if probate again be denied, like questions are to be answered in reference to the two remaining wills in the same order.

I am of the opinion that the application should be denied.   Two of the wills are not the subject of any proceeding in this court.   No petition has been filed for the probate of the will dated December 15, 1920, or that dated December 21, 1920.   There can be no issues relating to them until objections are filed. Objections cannot be presented until probate petitions are filed.   Consolidation presupposes the pendency or existence of two or more proceedings.   Code Civ. Pro. § 2535, now Surrogate's Court Act, § 65.   Therefore, the application cannot be entertained, so far as it

Surrogate's Court, New York County, December, 1921. [Vol. 117

prays for consolidation and framing of issues relating to the two intermediate wills.

I also decide that the proceedings for probate of the 1921 and 1918 wills should not be consolidated.

There are two cases which seem to warrant the granting of this motion. *Matter of Potter,* 94 Misc. Rep. 12; *Matter of Potter,* 172 App. Div. 458. The two decisions were in different applications in the same estate. In the appeal the question before the court was whether the petitioner for probate of a later will should be permitted to discontinue that probate proceeding while a proceeding to prove an earlier will was pending. The Appellate Division, third department, affirmed on the opinion of the county judge, acting as surrogate, in the court below. The facts as to consolidation stated in the opinion cannot be reconciled with those later stated by another acting surrogate (94 Misc. Rep. 12), when he seems to have ordered a consolidation of the two proceedings. The moving party herein relies upon the following statement, at page 461 in the opinion adopted by the Appellate Division: " * * * All the writers on Surrogate's Court practice are a unit on the proposition that where two instruments are propounded by different parties as wills, and several applications made for probate they will be consolidated and tried together as one proceeding."

No text-book writer had said that where there was a right of trial by jury in two contested probate proceedings, they should be consolidated. There was then no reported case in which such consolidation was ordered. The court below, as well as the Appellate Division, either overlooked the important fact that the issues were triable by jury, or assumed that the existing practice would apply to jury cases.

Prior to the advent of jury trials in Surrogates'

Courts, there was no difficulty in consolidating contested probate proceedings. Where a later will was produced, while a prior will was being proved, the surrogate directed the filing of a petition for the probate of such later will. When this was done, both proceedings were consolidated and both trials proceeded as one. The court took proof of the two instruments offered and determined which was the last will and testament. *Carle* v. *Underhill,* 3 Bradf. 101. If, before trial, two contested probate proceedings were pending, the surrogate often found it convenient to try and hear them together. *Van Wert* v. *Benedict,* 1 Bradf. 114. Such procedure in non-jury cases was economical and practicable. It does not follow, however, that it is adaptable to jury cases. In a trial before the surrogate without a jury, he has no difficulty in applying to each will the testimony that is relevant only to that particular will. Usually, he first takes up the issue of the validity of the last will and eliminates from consideration any evidence relating to the validity of the other will. If the last will is valid, the surrogate has to go no further. Its probate frequently ends the litigation.

With trial by jury, numerous difficulties to such procedure readily suggest themselves. Whether the decedent was incapable or was under restraint in 1921 may be a very different question from that of his competency and freedom from restraint in 1918, more than two and one-half years before. The proponent of one will is the contestant of the other. If all issues were tried together, which side would open and close the case?

In closely contested cases, the issue of testamentary capacity usually involves an inquiry into the whole life of the testator. Much of this evidence in a probate contest is received for a limited purpose. Evi-

Surrogate's Court, New York County, December, 1921. [Vol. 117

dence of testator's conduct, manner of doing business, correspondence, declarations, etc., is received, not for the purpose of showing the truth or falsity of such statements, but to disclose state of mind, strength or weakness of will, capacity, or incapacity or susceptibility to undue influence. Evidence relevant to the issue of testamentary capacity may be irrelevant to the issue of undue influence. Evidence received on the issues of capacity and undue influence may be irrelevant to the *factum* of the will. Questions of fact as to the formalities of execution call for further accurate and specific instructions to the jury. In the probate of any given will, there may be presented to the jury several issues, numerous minute instructions, a mass of evidence to be considered for a limited purpose only in its application to one issue, and perhaps not to be considered at all in deciding other issues. Thus, a probate jury is required to exercise powers of unusual discrimination. The multiplication of issues and questions by consolidation would only be heaping " Ossa on Pelion." It would necessarily subject a jury to a consideration of such a mass of technical detail that its verdict might seem to come from confusion or speculation rather than from understanding. The vulnerability of such a verdict is obvious. Of what use would it be to " state distinctly and plainly each question of fact to be tried " (Surrogate's Court Act, § 68), as is now done in jury trials in this court, if confusion will be introduced by multifarious questions relating to various wills? Suppose the jury found in favor of the earlier will. Error in the admission of evidence relevant only to the later will might be considered so prejudicial to the whole case by an appellate court as to require a reversal. There would be no way of guarding against such a possibility. A repetition of warnings to the jury

and an omnibus injunction at the end of the case might not be held sufficiently curative.

The 1921 will has a clause revoking all prior wills. There is no ground, therefore, for the contention that the last will may be codicillary to the will of 1918.

It is plain that it would be impracticable to have a single trial of such a jumble of issues. If consolidation were ordered, it may be assumed that the trial judge, in his discretion, would first submit to the jury the questions relating to the last will only. The other questions would be reserved for proof and submission at a later day, in the event that the last will were declared invalid. In the meantime, there would be the motion to set aside the verdict and, possibly, an appeal.

If, in effect, there must be separate trials of the issues relating to each will, consolidation would serve no useful purpose. Although this court has had considerable probate litigation in estates where there were several wills presented for probate by the surrogate with a jury, no request for consolidation has ever been made. The last will has always been tried first in a separate proceeding for that purpose.

Settle order on notice, denying this application for consolidation.