George B. Parsons, S.
Charles E. Stacer, of Lyons, New York, unmarried, died in the Lyons Hospital on May 23,1959. Shortly following his death, Reginald S. Oliver, attorney at law, Lyons, New York, acting as attorney for the Lincoln Rochester Trust Company of Rochester, New York, petitioned this court for the probate of a last will and testament of Mr. Stacer’s dated December 11, 1950 and also offered for probate two separate codicils to the will of December 11, 1950. The first codicil was dated January 13, 1954; the second codicil May 21, 1959.
The will of December 11, 1950, after providing for several specific bequests left the residuary of the estate to Blanche E. Shepperd and Violet S. Parrish and named C. Burton Newman executor. The codicil of January 13, 1954 purported to change *500 one specific bequest in the will of 1950 because of the previous death of the legatee and named Tusenelda N. Simpson of Lyons, New York, as executrix. The codicil of May 21,1959, purported to revoke four (4) paragraphs in the will of 1950, establish a trust of the residue to be administered by the Lincoln Rochester Trust Company for the benefit of Blanche E. Shepperd and Violet S. Parrish during their lifetime with a gift over to the children of Dr. R. S. Simpson of Lyons, New York, or to their descendants, and named the Lincoln Rochester Trust Company executor and trustee.
Shortly after the filing of these documents in the Wayne County Surrogate’s Court, a will of Charles E. Stacer dated April 6, 1954, providing for several specific bequests, giving the residue of the estate outright to Blanch E. Shepperd and Violet S. Parrish, and again naming C. Burton Newman executor, was filed in the Wayne County Surrogate’s Court.
Upon the return date of the will of 1950 and the codicils thereto requests were made and granted for the examination of the subscribing witnesses to the codicil of May 21,1959. The examination was held and upon an adjourned date the proceedings and objections to the probate of the 1950 will and the codicils were duly filed with the Wayne County Surrogate’s Court on behalf of Blanch E. Shepperd, Violet S. Parrish and C. Burton Newman. Thereafter, a petition for the probate of the will of April 6, 1954, was duly offered and made returnable on citation on September 15, 1959.
Simultaneously with the petition for the probate of the will of April 6, 1954, a stipulation was duly entered into between counsel of record for the examination of the Lyons Hospital records concerning the illnesses of the decedent during the years 1954 and 1958 and 1959 and the attending physicians, Dr. Frank Wood, Lyons, New York, and Dr. James M. Dennis, Clyde, New York. This examination occurred in the Wayne County Surrogate’s courtroom on September 10, 1959 with all counsel present. At the conclusion of the hearing it was duly stipulated to adjourn the return date for the petition of the 1954 will from September 15 to September 22, 1959.
On September 28,1959, the Lincoln Rochester Trust Company, a party interested in the within proceeding filed objections to the probate of the will of April 6,1954.
Motion papers have now been duly served and filed returnable September 22, 1959, requesting an order of the Wayne County Surrogate for consolidation of these matters now pending, i.e., a consolidation of all matters pertaining to the will of 1950 and the codicils thereto with all matters pertaining *501 to the will of April 6, 1954 in order that such matters may be tried together in one trial and resolved together at one time.
It is to be noted by the court that objections have been filed to the will of 1954 which was the final act necessary to bring the matter of consolidation or not properly in court.
Memoranda has been filed with the Surrogate both for and against this motion to consolidate. This court has read all of the cited cases together with numerous others on this subject. The law as found in section 65 of the Surrogate’s Court Act which states in part, ‘ ‘ At any time when two or more proceedings are pending involving in whole or in part, the same matters, the surrogate may, in his discretion, consolidate such proceedings upon such terms as shall appear to him to be equitable and just; but without prejudice to the power of the surrogate to make any subsequent order or decree in either or any of them.”
The cases on this subject go far afield in their differences in respect to sets of fact as well as opinion. This court believes that probably is the reason why the Surrogate is given discretion in the matter of consolidation. Since in reading all of these cases and numerous comment on the question of consolidation the matter boils down to the Surrogate himself going into the surrounding facts, the circumstances involved, the reading of the matters to be consolidated or not, which in this case are two wills and two codicils, then he exercises his discretion and bases his final decision on the rights of the parties concerned, the expeditious handling of the case by the court, the interrelation or not of the matters that the court and a jury must consider, and what would best produce justice for all concerned.
The matter is now properly before the Surrogate. Objections have been filed to the will of April 6, 1954 and there are two complete proceedings pending before this court regarding the testamentary acts of Charles E. Stacer, the testator. The court believes that this is an unusual situation and cannot exactly be pegged from any case directly in point. From December 11, 1950, until May 21, 1959 events took place in respect to the testamentary acts of disposition by Charles E. Stacer, deceased, which by the very nature of the same are woven together similarly to the strands of a rope. By the nature of these events and the intervention of different attorneys and different executors and different legatees, all named by the same testator, the ultimate conclusion as to Stacer’s basic testamentary intent has become wholly tangled up as a rope might be knotted. There are different proponents involved here but there are the same or similar issues and the same *502 testator. Bach of these four instruments involved here has a bearing upon the whole picture. This court does not believe that the matter can be as expeditiously or as properly decided by cutting this chain of circumstances in two and trying it on two different occasions before two different juries. Like the illustration of the rope, the knot should be untangled in one operation in order to maintain the rope itself intact and finding the relationship of each strand to the other. This can be done in the case more easily by consolidating the proceedings. Surrogates have favored such consolidation where several instruments, by nature, testamentary, are separately propounded, if in the discretion of the Surrogate, as in this matter, consolidation can be made and as the law states upon such terms as shall appear to him to be equitable and just. It is called to the attention of the proponents in this matter that the Surrogate still has power without prejudice to make any subsequent order or decree in either or any of these. Therefore, there is considerable latitude for directing the framing of the issues before a jury so that they will understand, as well as a laymen jury could understand, the sequence of events and the meaning and importance of each issue and each instrument involved to the other. The law gives the Surrogate this power and it will be used at the trial as to the sequence of these matters to be determined by the jury. Thus the intertwining problem will unravel itself and a final determination as to testamentary intent and validity or invalidity of the instruments will be the result.
It is the belief of this court that any jury will have difficulty and confusion with a case of this kind, whether it be consolidated or whether it be tried separately. There certainly is no reason based on the facts and circumstances and the intertwining of these facts and circumstances for going through the difficulty of straightening this matter out in the mind of one jury and then turning around and going through it all over again with another jury when there are so many interrelated instruments, circumstances and facts here and only one testator and a final determination to be reached as to the testamentary capacity of one man.
The court has exercised its discretion under section 65. The court has read with interest the conflicting opinions as to case law derived in this matter by the conflicting proponents in this case, both of which interpret for their own proposition. The court repeats that that very fact implies that the Surrogate must be the fairest one to use the power of his discretion from an impartial study and view of the case itself which is at hand. *503 The court could take all of the cases which it has read and which are listed below and cite sections from those cases which bear out its point or it could cite sections which might not bear out its point. However, the fact remains that in the final analysis the decision is for the Surrogate and this Surrogate is of the opinion that this is a case in which there are two or more pending matters intertwined and interwoven in whole or in part to involve the same matters and should be consolidated.
The testator executed a will on December 11,1950, which stood without change until a purported codicil was drawn, and signed by testator in the Lyons Hospital, on January 13, 1954. Four months later, on April 6, 1954, he executed a complete new will which stood unchanged until his death. On May 21, 1959 a second codicil referring only to the will of 1950 was again executed in the Lyons Hospital. The testator died May 23, 1959 in the Lyons Hospital. The petition for the probate of the will of December 11, 1950 and the codicils thereto requests the court to probate all three instruments together comprising the alleged last will and testament of Charles E. Stacer. Any evidence or testimony relative to the decedent’s testamentary capacity or any acts of undue influence must pertain to all three documents because they are all being offered as the last will and testament of the decedent. By their very nature, the two codicils relate to the will of 1950 and the questions surrounding due execution, mental capacity, and undue influence and must be resolved together. It is impossible to conceive of testimony regarding these questions insofar as the last codicil, for example, is concerned without similar testimony concerning the first codicil or the first will.
The will of April 6, 1954 is an intervening, testamentary act, between the two codicils, which revoked the will of December 11,1950 and the codicil of January 13,1954, and it would appear that testimony surrounding the execution of the will of April 6, 1954 would be relevant, material and necessary in order to properly resolve the questions of execution, mental capacity, and undue influence. Here again, testimony surrounding one purported testamentary act would not necessarily provide a just and equitable answer without similar testimony surrounding all such testamentary acts.
Therefore, the Surrogate grants the motion for consolidation.
The following cases were read and used as a reference bearing on this decision: Matter of Potter (94 Misc. 12); Matter of Pinkney (117 Misc. 262); Matter of Jones (50 N. Y. S. 2d 697) and Van Wert v. Benedict (1 Bradf. 114).
An order may be entered.