In the Matter of the Probate of the Will of CHARLES E. STAGER, Deceased. LINCOLN ROCHESTER TRUST COMPANY, Appellant; C. BURTON NEWMAN et al., Respondents.— Order unanimously reversed, with $10 costs and disbursements payable out of the estate and matter remitted to the Surrogate's Court for further proceedings in accordance with the memorandum. Memorandum: Consolidation of the probate proceedings before the Surrogate would result in unnecessary litigation. The validity of the last codicil should be first determined in accordance with the practice in Surrogate's Courts to deal first with the proceedings relating to the instrument latest in time of execution and to dispose finally of all issues relating thereto before litigation over a prior instrument is allowed to proceed. (See *Matter of McCabe,* 116 Misc. 637; *Matter of Pinkney,* 117 Misc. 262; *Matter of Jones,* 50 N. Y. S. 2d 697; *Matter of Irvin,* 19 Misc 2d 41; *Matter of Malherbe,* 112 N. Y. S. 2d 86.) Determination of the validity of the last codicil may well end the litigation. If determined to be valid, its provisions which "ratify and confirm" the will dated December 11, 1950, would revive decedent's first alleged will. Upon probate of such will no further proceedings would be required. (*Matter of Campbell,* 170 N. Y. 84.) If such codicil should be determined to be invalid, the petitioner in the first proceeding would then cease to be an interested party in the second proceeding. Its objections to the probate of the decedent's second alleged will would then be void, leaving that proceeding uncontested, unless

other interested parties obtain leave to file objections, in which case the issues so raised could be expeditiously tried. (Surrogate's Ct. Act, § 147.) (Appeal from order of Wayne Surrogate's Court directing consolidation of two proceedings for probate of two wills and trial of same by jury.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ. [20 Misc 2d 499.]