In the Matter of the Estate of LENA NOVIE, Deceased.

In the Matter of the Estate of SAM NOVIE, Deceased.

AL NOVIE et al., Appellants; FRANCES BERGMAN, Respondent.

Third Department, January 12, 1965.

*Oppenheim & Oppenheim (Stephen L. Oppenheim* of counsel), for appellants.

*Goldstein & Goldstein (Carl P. Goldstein* and *Benjamin M. Goldstein* of counsel), for respondent.

REYNOLDS, J. This is an appeal from an order of the Surrogate's Court of Sullivan County consolidating the proceedings in the estates of Sam and Lena Novie, husband and wife, and authorizing the issuance of letters of temporary administration in the proceedings so consolidated.

In 1958 Lena and Sam Novie executed a joint will. Lena Novie died September 30, 1963 and a proceeding to probate the will was instituted, which was contested by appellants. Before this contest had progressed beyond the preliminary stages, Sam Novie died on April 20, 1964. A proceeding was then filed to probate the will on his behalf and again appellants contested the proceeding. Respondent, who was named the executrix of both estates, petitioned for the appointment of a temporary administrator in both estates and subsequently moved also to consolidate both probate proceedings. The Surrogate found that although the application for letters of temporary administration was technically defective because the title referred to both estates rather than each one separately, the requested consolidation should be granted *nunc pro tunc* as of May 19, 1964 thus curing the defect. The crucial issue is thus whether consolidation was properly ordered. Section 65 of the Surrogate's Court Act permits the Surrogate "when two or more proceedings are pending involving in whole, or in part, the same matters * * * in his discretion [to] consolidate such proceedings upon such terms as shall appear to him to be equitable and just". The granting of consolidation is thus clearly discretionary with the Surrogate, and our review of his determination is therefore limited as with any discretionary determination. We can find no reported cases which deal with the specific situation here involved, and we are aware that

many cogent arguments can be raised for denying consolidation in cases of this general type (see *Matter of Pinkney,* 117 Misc. 262; *Matter of Jones,* 50 N. Y. S. 2d 697). However, in the instant case, we find no reason to disturb the Surrogate's judgment. *Matter of Stacer* (10 A D 2d 810) is factually inapposite.

The order should be affirmed, with costs to respondent, payable out of the estate.

GIBSON, P. J., HERLIHY, TAYLOR and HAMM, JJ., concur.

Order affirmed, with costs to respondent payable from the estate.