In the Matter of the Estate of WILLIAM F. CONNOR, Deceased.

Surrogate's Court, Niagara County, January 17, 1928.

Wills — destruction — decedent's attorney testified that, acting on decedent's instructions, he had personally destroyed will — Surrogate's Court Act, § 137, does not permit examination as to will destroyed under such circumstances — application for examination of attorney and witnesses as to whereabouts of will vacated.

An order granted pursuant to the provisions of section 137 of the Surrogate's Court Act directing the examination of designated persons, including decedent's attorney, as to the whereabouts of decedent's last will, should be vacated where it appears that the attorney has stated on the record that, acting on decedent's instructions, he personally destroyed the will.

Section 137 of the Surrogate's Court Act was never intended to permit an examination of witnesses as to a will destroyed by the testator or under his instructions, for when a will is destroyed in either way it has no further force or effect.

APPLICATION to vacate the order granting *ex parte* petitioner's application for examination of witnesses with reference to will.

*Roy H. Ernest* and *Michael J. Noonan,* for Eugene J. Connor.

*John O. Chapin,* for Ida Connor.

*Clarence R. Runals,* special guardian, for infants.

GOLD, S. This is an application to vacate an order granted *ex parte* by this court on the 3d day of December, 1927, which said order directed the examination of Ida Connor, Urban C. Bell and John O. Chapin with reference to the last will and testament of said decedent, dated July 22, 1927.

The petitioner in this proceeding relied upon section 137 of the Surrogate's Court Act (Laws of 1920, chap. 928) for the relief which he claimed. This section provides as follows: " Whenever it shall appear by petition of any person claiming to be interested in the estate of a decedent, that there is reasonable ground to believe that any person has destroyed, retained, concealed, or is conspiring with others to destroy, retain or conceal a will or testamentary instrument of a decedent, or has any knowledge as to such facts, the court must make an order requiring the respondent to attend and be examined in the premises, and may in such order or otherwise in the proceeding require the production of any will or testamentary instrument."

It is apparent from the reading of this section that if any person is instrumental in the destruction and concealment of the will of another, that person can be brought before the court and examined with reference to his knowledge of the same. Upon the petition presented to this court in the first instance, and upon which the order for examination was granted, it appears that John O. Chapin, an attorney and counselor at law, stated upon the record of the court " that, acting upon the instruction of William F. Connor, I personally destroyed the will."

Section 137 of the Surrogate's Court Act does not intend to go back of a will destroyed by the testator, or under the instructions of a testator. It is a common practice among lawyers, after a new will has been prepared, to have the testator destroy the original will, or for the attorney to destroy it under the directions of the testator. When a will is destroyed in either way, it has no further force nor effect, and section 137 of the Surrogate's Court Act was not intended to reach a will so destroyed.

I do not think the case of *Matter of Yung* (216 App. Div. 595) is in point with reference to the present proceeding. Therefore, the order of December 3,. 1927, is hereby vacated.