John D. Bennett, S.
This is a proceeding pursuant to section 137 of the Surrogate’s Court Act which was commenced by an order to show cause directing the respondents, Elsie J. Vieillard and Zachary S. Zimmerman, to attend and be examined as to an alleged will executed by the decedent prior to the instrument offered for probate in another proceeding in which Elsie J. Vieillard, the widow of the decedent, is the petitioner. Upon *704 the return date of the order to show cause, an alleged will dated February 5,1957 was produced and filed with the court. Certain red lines had been made in ink through the signature of J. Frank Vieillard, the decedent. One of the respondents, Mr. Zimmerman, was sworn and examined in this proceeding by the petitioner. Upon objection of the respondent, the examination was thereupon terminated pending a decision by this court as to the scope of an examination under section 137 of the Surrogate’s Court Act. Section 137 reads in part as follows: “ Whenever it shall appear by petition of any person claiming to be interested in the estate of a decedent, including a creditor, that there is reasonable ground to believe that any person has destroyed, retained, concealed, or is conspiring with others to destroy, retain or conceal a will or testamentary instrument of a decedent, or has any knowledge as to such facts, the court must make an order requiring the respondent to attend and be examined in the premises, and may in such order or otherwise in the proceeding require the production of any will or testamentary instrument.”
The leading case setting forth the practice and procedure under section 137 is Matter of Johnson (Be Owen) (253 App. Div. 698, 700) where the court said: “ In such a proceeding the examination is not to discover evidence that may be used in any other proceeding beyond the fact that such a will is or was in existence. It does not contemplate that there shall be evidence taken concerning the mental or physical condition of the decedent at the time of making any such will, nor the circumstances of its execution, nor its provisions. The purpose is to discover whether any such paper purporting to be a will was drafted and executed or purported to be executed, without going into the question of validity * * * The purpose of the statute is salutary in that it offers opportunity to interested persons to discover the existence of a will which may represent the plan and purpose of the testator better than the one offered for probate.” (See, also, Matter of Yung, 216 App. Div. 595; Matter of Connor, 131 Misc. 576; 2 Bradford Butler, New York Surrogate Law and Practice, § 906; 2 Jessup Redfield, Surrogates Law and Practice, § 970.)
The questions to which objections have been made relate to matters other than the existence of other wills. The authorities require that such objections be sustained.
Proceed accordingly.