John D. Bennett, S.
This is a proceeding under section 137 of the Surrogate’s Court Act in which an order has been *808 obtained on behalf of an infant distributee requiring the proponent to produce the decedent’s prior wills.
On the return day of this order, the proponent filed an affidavit in opposition to the application in which it is alleged that “ the original of decedent’s prior will which had been prepared by your deponent’s office in 1944 had been delivered to the decedent and that she physically destroyed such will subsequent to execution of the Last Will and Testament offered for probate herein.” The attorneys also state that a search for a conformed copy of the will through the firm’s files stored in a warehouse has so far proved unsuccessful.
It is the proponent’s contention, citing Matter of Connor (131 Misc. 576) as authority, that he may not be compelled to produce a copy of a prior will which has been physically destroyed. In that case the court did state at page 577: “ When a will is destroyed in either way, [either by the testator or by the attorney under the direction of the testator] it has no further force nor effect, and section 137 of the Surrogate’s Court Act was not intended to reach a will so destroyed.” This court is of the opinion that the Connor case represents an unnecessarily narrow and restrictive interpretation of section 137. As this court has had occasion to observe in Matter of Vieillard (17 Misc 2d 703) the purpose of section 137 is to discover whether any paper purporting to be a will was drafted and executed and is or ever was in existence. The question of its revocation, whether by physical destruction or otherwise, or its validity in any other respect, is not here material. “ The purpose of the statute is salutary in that it offers opportunity to interested persons to discover the existence of a will which may represent the plan and purpose of the testator better than the one offered for probate.” (Matter of Johnson, 253 App. Div. 698, 700.)
The following language in Matter of Lupton (26 Misc 2d 827) is also relevant: “ This proceeding has no relation to any other proceeding and determines no rights, but only directs the production and filing of the wills. What, if any, effect the same may have or what, if any, use may be made of them by persons concerned is a matter for consideration in whatever other proceeding may be brought wherein the documents may be relevant.”
The affidavit by the proponent’s attorneys and their argument before the court leave much to be desired with regard to the manner of the search so far conducted for the copy of the prior will. Much greater effort should be expended to determine if *809 the requested copy of the prior will is in proponent’s files. The delay complained of by the proponent can be eliminated by a proper and complete search by the proponent for the missing document. The proceeding under section 137 will continue.