GEORGE B. COLLYER, Appellant, *v.* CHARLES S. COLLYER, Administrator, etc., et al., Respondents.

Proof that a will was duly executed, and was in existence a short time before the testator's death, does not, where the will cannot be found after such death, raise a presumption that it was in existence at that time, or was fraudulently destroyed in the testator's lifetime.

Proof that the will was not found after the death is presumptive evidence sufficient to establish, *prima facie,* that the testator destroyed it, *animo revocandi;* and he who seeks to establish the will as lost or fraudulently destroyed, assumes the burden of overcoming this presumption by adequate proof.

It is not sufficient, for the purpose of establishing a fraudulent destruction, to show that persons interested to establish intestacy had opportunities to destroy the will.

A Surrogate's Court has power, in its discretion, to award costs against an unsuccessful proponent of a will, in favor of one or more of the contestants, and the exercise of this discretion is not reviewable here.

(Argued June 27, 1888; decided October 2, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 23, 1886, which affirmed a decree of the surrogate of Westchester county, denying an application to admit to probate, as a lost or destroyed will, an instrument alleged to have been executed as her last will by Elizabeth Collyer, deceased.

The material facts are stated in the opinion.

*Dennis McMahon* for appellant. The Surrogate's Court below had jurisdiction to prove the will in question as a lost will. (Code, §§ 1865, 2621.) A will once duly executed can only be revoked in the manner pointed out in the statute. (2 R. S., chap. 6, tit. 1, art. 3, § 42.) Parol evidence of the revocation of a will is inadmissible. (*Jackson* v. *Kniffer,* 2 Johns. 31; *Kent* v. *Mahaffey,* 10 Ohio St. 204; *Clark* v. *Smith,* 34 Barb. 140; *Lewis* v. *Lewis,* 2 W. & S. [Pa.] 455; *Delafield* v. *Parish,* 25 N. Y. 9; *Blanchard* v. *Blanchard,*

32 Vt. 62; *Tynan* v. *Pascall*, 27 Tex. 286.) Presumption of revocation by a testator by not finding a will can be rebutted. (*Calligan* v. *McKernan*, 2 Demarest, 421; *Tynan* v. *Pascall*, 27 Tex. 286; *Hatch* v. *Sigman*, 1 Demarest, 519.) At common law a lost or destroyed will could be established by the evidence of one witness, but the statute makes a change in that it requires two of which the draft shall be one. (*Harris* v. *Harris*, 26 N. Y. 433.) The doctrine of presumably continued existence developed in this case would rebut the common-law presumption of revocation ·by not finding the will, especially where the deceased in her last illness was surrounded by heirs, whose interest it was to spoliate it. (*Schultz* v. *Schultz*, 35 N. Y. 653; *Fassen* v. *Hubbard*, 55 id. 465; *Koenig* v. *Steckel*, 58 id. 475; *Beckwith* v. *Whalen*, 65 id. 322; *In re Phillips*, 60 id. 16; *Hagan* v. *Clark*, 78 id. 45; *Cook* v. *Cook*, 58 Barb. 180; *Smith* v. *Smith*, 4 Paige, 432; *McMahon* v. *Harrison*, 6 N. Y. 443; *Sleeper* v. *Middleworth*, 4 Denio, 431; *Graham* v. *Chrystal*, 2 Keyes, 21; *Fry* v. *Bennett*, 28 N. Y. 324; *Johnson* v. *Hudson R. R. R. Co.*, 6 Duer, 633; 20 N. Y. 65; *Cahill* v. *Palmer*, 45 id. 478; 28 Alb. L. Jour. 285; 33 Moak's Eng. Cas. 63; *Waldrod* v. *Ball*, 9 Barb. 271; *Wilkins* v. *Earle*, 44 N. Y. 172; *Meyer* v. *Hallock*, 2 Robt. 284; 2 R. S. 64, chap. 6, tit. 1, art. 3, § 42.) If a will be once duly executed, and once an existing will in the hands of a testator, unless there be evidence of its having been canceled, or otherwise revoked by the testator, the law presumes its continued existence to the time of his death. (*Jackson* v. *Betts*, 9 Cow. 208; *Johnston* v. *Johnston*, 1 Phillimore, 466; 6 Wend. 173; 2 R. S. 64, chap. 6, tit. 1, art. 3, § 42.) The presumption of revocation arising from not finding the will among the papers of the testatrix after her death is capable of being rebutted. (*Idley* v. *Bowen*, 11 Wend. 236; *In re Nicholls*, 40 Hun, 387; 120 Mass. 281.) If the party seeking to establish a lost or destroyed or stolen will could prove its provisions by two credible witnesses other than the attesting witnesses, which two credible witnesses could testify as to its provisions clearly and distinctly, or if the proponent could

produce the draft and summon one witness of that character, who could give clear and distinct evidence as to its provisions, he would comply with the statute. (*Featherly* v. *Van Wagoner*, 11 Wend. 602; *Everett* v. *Everett*, 41 Barb. 385.)

*Seaman Miller* for respondents. There is not sufficient legal evidence that said Elizabeth Collyer ever executed a last will and testament to admit the will to probate. (3 R. S. § 40, art. 3, chap. 6 [7th ed.] 2285; Code Civ. Pro. §§ 2618, 2619, 2620; *Grant* v. *Grant*, 1 Sandf. Ch. 243; *Everett* v. *Everett*, 41 Barb. 386; *Voorhees* v. *Voorhees*, 39 N. Y. 463.) The appellant was bound to prove that said alleged last will and testament of Elizabeth Collyer was the same in existence at the time of her decease, March 4, 1883, or was fraudulently destroyed in her lifetime. (Code Civ. Pro. §§ 1865, 2621; *Knapp* v. *Knapp*, 10 N.Y. 276; *Eighmy* v. *People*, 79 id. 559; *Hatch* v. *Sigman*, 1 Den. 530; *Schultz* v. *Schultz*, 35 N. Y. 654; *Jackson* v. *Betts*, 6 Wend. 173; *Idly* v. *Bowen*, 11 Wend. 236; *Timon* v. *Claffy*, 45 Barb. 446.) To entitle a will to be admitted to probate as a lost or destroyed will, its provisions must be clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness. (Code Civ. Pro. § 1865.)

*A. Britton Havens* for Ann Maria Beckwith, respondent. The *factum* of a lost or destroyed will must be proved in the same way as that of a will produced in court. (*Grant* v. *Grant*, 2 Sandf. Ch. 235; *Voorhees* v. *Voorhees*, 39 N. Y. 463; *Everett* v. *Everett*, 41 Barb. 385; Code, §§ 2618, 2619.) The common-law rule in this state was, and, indeed, still is, that in order to establish a will, alleged to have been lost or destroyed, the presumption must be overcome that a will shown to have existed and in the testator's possession, and not found upon his death, was destroyed by the testator *animo revocandi*. (*Eighmy* v. *People*, 79 N. Y. 276; *Schultz* v. *Schultz*, 35 id. 653; *Knapp* v. *Knapp*, 10 id. 276; *Betts* v. *Jackson*,

6 Wend. 173.) The presumption of continued existence does not apply where a different presumption is raised from the nature of the subject in question. (1 Greenleaf on Ev. § 41 · *Betts* v. *Jackson,* 6 Wend. 180.)

EARL, J. Elizabeth Collyer died in Westchester county on the 4th day of March, 1883, possessed of a considerable estate. George B. Collyer, claiming that she had made a will devising and bequeathing all her estate to him, and appointing him the sole executor thereof, and alleging that the will had been fraudulently destroyed, instituted this proceeding in the Surrogate's Court, under section 2621 of the Code, to establish the will. The administrator and next of kin and heirs of the deceased were made parties to the proceeding and they opposed and contested probate of the will.

The petitioner, George B. Collyer, gave evidence tending to show that in 1863 the deceased made such a will as he claims; that she left the will in the custody of the lawyer who drew it until about the year 1877, when she took the will into her own possession and soon thereafter exhibited a folded paper which she claimed was her will. Witnesses were called on behalf of the petitioner, who testified to declarations made by the deceased at various times, but not later than seven months prior to her decease, to the effect that she had made a will giving all her estate to her brother George; and witnesses were called, on behalf of the contestants, who testified to declarations made by her in the years 1882 and 1883, the last in February of the latter year, to the effect that she was displeased with the treatment received by her from her brother George; that she had changed her intention in reference to him and had destroyed her will.

Upon all the evidence the surrogate found, as matter of fact, that there was a want of sufficient legal proof that the deceased ever executed a will; that there was a want of sufficient legal proof of the contents of any will; that at the time of her death she left no will in existence, and that no will of her's was fraudulently destroyed in her lifetime; and he held, as

matter of law, that the alleged will should not be established or admitted to probate as a lost or destroyed will, and that the deceased died intestate.

The decision of the surrogate was affirmed at the General Term upon the ground, as appears from the opinion there pronounced, that there was not sufficient proof that the alleged will was in existence at the time of the decease of Mrs. Collyer, or that it was fraudulently destroyed in her lifetime. Without passing upon the other grounds upon which the surrogate based his decision, we agree with the General Term. It is provided in the Revised Statutes (2 R. S., chap. 6, tit. 1, art. 3, § 42) as follows: "No will, except in the cases hereinafter mentioned, nor any part, shall be revoked or altered, otherwise than by some other will in writing or some other writing of the testator declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same by the testator himself, or by another person in his presence, by his direction or consent; and when so done by another person the direction and consent of the testator and the fact of such injury or destruction shall be proved by at least two witnesses." The claim of the petitioner is that the will of Mrs. Collyer was not destroyed by herself, but by some other person without her knowledge or consent. This claim is wholly unsupported by proof. No witness was called who had seen the will since 1877, and there is no evidence whatever that the will was in existence during the last seven months of her life, and the most diligent search failed to disclose any trace of it after her death. The evidence simply shows that several of her next of kin were about her for a short time before her death and in her house afterward, and thus may have had opportunity to find and destroy the will. But all such persons were called as witnesses and positively denied any knowledge of the will or any interference therewith, and thus there was not enough evidence even to

raise a fair suspicion that the will had been fraudulently destroyed.

There is no direct proof that Mrs. Collyer destroyed her will. But the proof that the will was not found after her death is sufficient proof that she destroyed it *animo revocandi*. When a will previously executed cannot be found after the death of the testator, there is a strong presumption that it was revoked by destruction by the testator, and this presumption stands in the place of positive proof. (*Betts* v. *Jackson*, 6 Wend. 173; *Knapp* v. *Knapp*, 10 N. Y. 276; *Schultz* v. *Schultz*, 35 id. 653; *Hatch* v. *Sigman*, 1 Demarest, 519.) He who seeks to establish a lost or destroyed will assumes the burden of overcoming this presumption by adequate proof. It is not sufficient for him to show that persons interested to establish intestacy had an opportunity to destroy the will. He must go further and show, by facts and circumstances, that the will was actually, fraudulently destroyed.. In *Loxley* v. *Jackson* (3 Phill. Rep. 126) the will was last seen in a small box in the bed-room of the deceased, but was not found after her death, and it was held that the presumption of law was, that the testatrix destroyed it *animo revocandi*, that the law did not presume fraud, and that the burden of proof was on the party claiming under the will. In *Betts* v. *Jackson* (*supra*), a will was duly executed and in the custody of the testator for five years afterward, and within ten months previous to his decease, but could not be found after his decease, and it was held that the legal presumption was that the testator had destroyed it *animo revocandi*, although it appeared that within a fortnight before his death he applied to a scrivener, who had drawn a codicil, to draw *another codicil to his will*, which, however, was not drawn, nor was the will at the time produced to the scrivener. In *Knapp* v. *Knapp* (*supra*) it was held that proof that a will, executed by a deceased person, was said by him, a month previous to his death, to be in his possession, in a certain desk at his house; that he was then very aged and feeble; that his housekeeper was a daughter having an interest adverse to the

will, and that the same could not be found on proper search three days after his death, is not sufficient evidence of its existence at the testator's death, or of a fraudulent destruction in his lifetime, to authorize parol proof of its contents. The authorities are uniform and no further citations are needed.

As the evidence on the part of the petitioner wholly failed to make out his case, he was not harmed by any of the evidence offered and received on behalf of the contestants to which he makes objections, and such objections need not, therefore, be considered.

The surrogate, in his decree, allowed costs against the petitioner, personally, to the several contestants; and he complains of this, relying for his protection upon subdivision 3 of section 2558 of the Code, which is as follows: "When the decree is made upon a contested application for probate or revocation of probate of a will, costs payable out of the estate or otherwise shall not be allowed to an unsuccessful contestant of the will, unless he is a special guardian for an infant, appointed by the surrogate, or is named as an executor in a paper proposed by him in good faith as the last will of the decedent." That provision plainly relates to an unsuccessful contestant of a will, and has no concern whatever with a proponent of a will. The petitioner sought to establish a will in which he was the sole beneficiary, and, by the same section, the surrogate was clothed with discretion, not reviewable here, to award costs against him personally in favor of one or all of the contestants.

Our conclusion, therefore, is that the judgment appealed from should be affirmed, with one bill of costs to the respondents.

All concur.

Judgment affirmed.