In the Matter of the Application of NORMA DARE OWEN for an Order Directing the Examination of Persons Concerning the Retention and Concealment of Wills of EMMA B. JOHNSON, Deceased.

NORMA DARE OWEN, Petitioner, Appellant; NORMAN W. ROE, MAY ROE, JOHN R. VUNK, GEORGE H. CARLETON, HAROLD ASHARE, VALENTINE C. PUTZ, CLARA CAPRINO, HELEN KRIMM, DOROTHY OTIS, CATHERINE CHOLPAN, GEORGE O. ROE, SAINT FAITH'S HOUSE, THE LONG ISLAND COLLEGE HOSPITAL OF BROOKLYN and THE INDUSTRIAL HOME FOR THE BLIND, Respondents.

Second Department, April 18, 1938.

*Neil P. Cullom* [*Frederick M. Schlater* with him on the brief], for the appellant.

*George H. Carleton* [*John R. Vunk* and *Harold Ashare* with him on the brief], for the respondents Norman W. Roe and others.

*Robert H. Wilson, Jr.* [*Gerald Fitzgerald, Edward I. Devlin, Jr.,* and *Lawrence C. Hull, Jr.,* with him on the brief], for the respondents Saint Faith's House, The Long Island College Hospital of Brooklyn, and The Industrial Home for the Blind.

DAVIS, J. The petitioner obtained *ex parte* an order, pursuant to the provisions of section 137 of the Surrogate's Court Act, for the examination of certain persons in respect to wills executed by the decedent subsequent to the date of the one offered for probate. The petition showed sufficient facts to warrant the granting of the order. This is a proceeding unrelated to the proceedings to probate a will, now pending, and does not constitute an attack upon them. (*Matter of Hardy*, 216 N. Y. 132; *Matter of Work*, 151 App. Div. 707; *Matter of Yung*, 216 id. 595.)

The order directed certain persons to appear and be examined on a day fixed " as to their concealment and retention of wills of Emma B. Johnson, deceased, and as to the facts and circumstances connected with the making and execution of such wills." On the return day, without any formal motion to vacate or amend the order, one of the witnesses, acting as counsel for the others, moved to delete from the order the words " and as to the facts and circumstances connected with the making and execution of such wills." The motion was granted, and a formal order was entered from which the petitioner appeals. We may disregard the informality of the proceedings.

The words deleted were the same as those used in a similar order granted by the surrogate of Queens county, and which order was affirmed by this court. (*Matter of Haubeil*, 246 App. Div. 824.) The form of that order was not challenged in this court, and it

may not, therefore, be regarded strictly as a precedent. However, these words will serve as well as any others if the examination is limited to the purpose prescribed by the statute. In such a proceeding the examination is not to discover evidence that may be used in any other proceeding beyond the fact that such a will is or was in existence. It does not contemplate that there shall be evidence taken concerning the mental or physical condition of the decedent at the time of making any such will, nor the circumstances of its execution, nor its provisions. The purpose is to discover whether any such paper purporting to be a will was drafted and executed or purported to be executed, without going into the question of its validity; who were the persons present; who were witnesses to such will; who had the custody of the will at that time or at any subsequent time; the possession thereof by any person and what was done with it; when and where it was last seen; and what persons have conspired to destroy, retain or conceal such will or testamentary instrument, or have knowledge of such facts.

Assuming that such limitation would have been placed on the examination of the witnesses by the surrogate, the language of the order was not prejudicial. The purpose of the statute is salutary in that it offers opportunity to interested persons to discover the existence of a will which may represent the plan and purpose of the testator better than the one offered for probate. These proceedings do not interfere with any probate proceedings undertaken unless interested parties produce, in that proceeding, facts which challenge the validity of the will.

The order should be reversed on the law, with ten dollars costs and disbursements against respondents, and the motion denied.

LAZANSKY, P. J., HAGARTY, JOHNSTON and TAYLOR, JJ., concur.

Order of the Surrogate's Court of Suffolk county reversed on the law, with ten dollars costs and disbursements against respondents, and motion to limit prior order denied.