In the Matter of the Administration of the Estate of MARGARET KARCHER, Deceased.

Surrogate's Court, Bronx County, December 15, 1939.

*Bertha Rembaugh*, petitioner, in person.

*Mullen & Neidich*, for Charles Karcher, respondent.

HENDERSON, S. The executrix named in an alleged will of the decedent has petitioned for the probate of a conformed copy thereof. The original document is missing.

The decedent's husband is her sole distributee. He filed an answer to the petition and demanded and received a bill of particulars from the proponent. He now moves for judgment on the pleadings, dismissing the petition.

Under the pleadings evidence could be offered sufficient to make a *prima facie* case for the probate of the alleged will if the executed original could be produced. To probate a lost will, however, the proponent bears the further burden of proving its existence at the time of the decedent's death or its fraudulent destruction during her lifetime.

The facts provable under the petition as amplified and limited by the bill of particulars, or conceded by the answer, in explanation of the absence of the original instrument, are as follows:

The missing paper was executed on December 17, 1928, at the office of the proponent, who had represented the decedent as her attorney since 1910 and continued to do so until the decedent's commitment to Central Islip State Hospital in April, 1938. The copy now submitted was conformed with the missing original immediately after such execution, and the executed original was then delivered to the decedent. It has not since been seen by the proponent. It was executed shortly after the decedent's marriage to the contestant, who petitioned for the commitment of his wife, and was thereafter appointed her committee. The contestant had access to the decedent's papers and effects located in their home, both prior and subsequent to her death on August 20, 1939, at the said hospital. The contestant was advised that his wife had made a will by the proponent's affidavit submitted in opposition to his appointment as committee for his wife; and, again, through a letter sent by the proponent to the husband's attorney a few days after the decedent's death.

The proponent also relies upon her frequent conversations with the decedent to prove that the original paper was in existence at the time of decedent's death or at the time of her said commitment. The proponent concedes that she never saw the original after the date of its execution. She claims that the conformed copy was before the decedent during several of these conversations during the winter of 1937-1938 and as late as March, 1938, a few weeks before her commitment. There is no evidence that any one ever saw the original will since its delivery to the decedent at the time of its execution, except the decedent's declarations at these conversations that she had it at home safe.

The declarations of the decedent at these conversations, however, are not competent evidence to prove the continued existence of the will. (*Matter of Kennedy*, 167 N. Y. 163, 170; *Matter of Staiger*, 243 id. 468, 472.)

Under the pleadings no competent evidence can be received of the existence of the will either at the time of the decedent's death or at the time of her commitment.

Under such circumstances the law presumes that the decedent intentionally revoked by destruction this will which she had executed and taken from the proponent's law office in December, 1928. (*Collyer* v. *Collyer*, 110 N. Y. 481, 486; *Matter of Kennedy*, *supra*, p. 168; *Matter of Staiger*, *supra*.)

To overcome this presumption the only facts provable under the pleadings are the husband's adverse interests and his opportunity to destroy any papers which the decedent kept in their home.

Such facts, however, are insufficient to establish fraudulent destruction and thus overcome the presumption of revocation. (*Collyer* v. *Collyer*, *supra*; *Matter of Staiger*, *supra*, p. 471.)

The pleadings do not disclose a *prima facie* case upon which probate of the lost will may be decreed.

Motion granted. Settle decree.