In the Matter of the Probate of the Will of WILLIAM A. BETTS, Deceased.

Surrogate's Court, Kings County, October 4, 1951.

*John A. Furey* for Julia T. Betts, petitioner.

RUBENSTEIN, S. The petitioner has offered for probate as the will of decedent a carbon imprint of a typed instrument, dated June 8, 1938. The testimony of the two surviving subscribing witnesses to the instrument establishes due execution thereof in conformity with the provisions of section 21 of the Decedent Estate Law, and that at the time decedent was of sound mind and under no restraint.

The attorney draftsman of the instrument, an attesting witness, testified that three counterparts were prepared and that the ribbon copy and the carbon imprint filed for probate were subscribed by decedent and the other two attesting witnesses, and were delivered to decedent after execution. He further testified he conformed the second carbon imprint to the original and returned it for his files. The other surviving witness to the instrument stated that but one counterpart was executed and identified the propounded paper as such instrument. A third witness, not an attesting witness, testified she was present at the execution of the instrument and that it was the only one subscribed by the decedent and the three subscribing witnesses, that it was thereupon placed in an envelope and handed to her for safekeeping and that after decedent's death she filed it for probate. However, she is the residuary legatee and devisee named in the instrument and her testimony is stricken as in violation of the provisions of section 347 of the Civil Practice Act.

The court gives credence to the testimony of the attorney draftsman as the one being more likely to remember the occurrences. He was positive in his testimony, stating that up to that time he had prepared and supervised the execution of only four or five wills and that it was his invariable practice to have wills executed in duplicate, which he continued until this proceeding was instituted when he realized the difficulties which might arise in such a situation. The court believes the other witnesses testified truthfully as to their recollection of the transaction but accepts the testimony of the attorney draftsman as being more dependable.

The law is well settled that where a will is executed in counterpart all constitute the will and revocation of one is a revoca-

tion of all. (*Crossman* v. *Crossman*, 95 N. Y. 145.) The failure to produce the ribbon copy of the instrument, last shown to have been in the possession of decedent, raises a presumption that he destroyed it with the intent of revoking it. (*Matter of Andriola*, 160 Misc. 775; *Collyer* v. *Collyer*, 110 N. Y. 481; *Matter of Kennedy*, 167 N. Y. 163.) The court accordingly determines that decedent destroyed the ribbon copy of his will with the intent of revoking his will and that probate of the carbon imprint must be denied.

The petitioner herein, the nominated executrix in the propounded instrument, is not a distributee of decedent and is, therefore, not entitled to be appointed administratrix of the estate except on the duly acknowledged consents of all decedent's distributees (Surrogate's Ct. Act, § 118). Her application made during the course of the hearing to be appointed administratrix is, therefore, denied.

Submit decree accordingly.