OPINION OF THE COURT
George B. Ceresia, Jr., S.
In this application for voluntary administration under the Small Estates Act (SCPA art 13) the applicant is seeking to file a conformed copy of decedent’s purported will so that the applicant can act as voluntary administrator pursuant to SCPA 1303 (b), and distribute the assets of the estate in accordance with the terms of the said instrument filed.
It is alleged that the applicant is the named executor in the decedent’s will and that the decedent’s original will has been lost. As part of his application, the applicant has also filed various affidavits, each entitled “Affidavit In Support of Probate of Lost Or Destroyed Will”. Additionally, it is noted that *320 the conformed copy of the purported will contains an attorney’s statement that it is a “true and complete copy”.
The question raised by this application is whether a lost will proceeding (SCPA 1407) can be used in conjunction with an application under SCPA article 13.
In this particular situation, the applicant wants to avoid the cost of a probate proceeding to establish the validity of the “lost will”, and at the same time, have the terms of the lost will, including the nomination of the executor, followed in the administration of the small estate. (See, SCPA 1303 [b]; 1307 [1].)
Article 13 was enacted to permit an expeditious and inexpensive method of settling a small estate. An eligible person is allowed to qualify as an administrator of the small estate by filing a voluntary administrator’s affidavit and a death certificate with the Surrogate’s Court. Upon the filing of the affidavit, the clerk issues a short-form certificate of authority to act rather than formal letters. Service of a notice or a citation is not required and no bond or other proceedings are necessary to qualify as a voluntary administrator.
When the decedent dies intestate, the voluntary administrator distributes the decedent’s estate pursuant to the provisions of EPTL 4-1.1. If the decedent dies testate, the will is merely filed with the court rather than probated. The voluntary administrator then distributes the estate to the persons named in such will. (See, SCPA 1307 [1].)
SCPA 1307 (1) speaks in terms of a will which is “valid on its face”. The instrument and accompanying affidavits offered for filing in this matter might well be offered as proof or evidence in a probate proceeding to establish the validity and terms of a lost will. However, such documents are not now, and never shall be decedent’s will. Thus, the court determines that no purported will "valid on its face” has been filed and no one has been established to be a “named executor” (SCPA 1303 [b]).
Accordingly, the application to serve as voluntary administrator is hereby denied.