■ In the Matter of the Estate of FERRUCCIO PASSUELLO, Deceased. KAREN S. FONTANA-CLOSIUS, Appellant; ADELMO VESCOVI, Respondent.—Weiss, J. Appeal from an order of the Surrogate's Court of Delaware County (Estes, S.), entered April 9, 1990, which granted respondent's motion for summary judgment and dismissed probate of a photocopy of decedent's will.

On September 28, 1978 decedent executed his last will and testament naming petitioner as the sole beneficiary, and gave her a copy. She had been living with him at the time and asserted that they planned to marry in 1979. However, they separated in early 1979 and the marriage plans were canceled. Petitioner married another man and rarely saw decedent thereafter, her last visit having been in 1985. Decedent died in May 1988.

The will had been drafted by Malcolm Monroe and witnessed by Monroe and his son. In 1982 Monroe died and his spouse Lois Monroe wound up his affairs, closed the law office and moved the contents to her home. The file in decedent's name contained two deeds, his last will and testament, and a bill for services rendered by her late husband. Lois Monroe wrote to decedent, listing the documents, requesting payment and stating that upon receipt, she would send the contents of the file to him. Lois Monroe testified that after the bill was paid she sent decedent the two deeds and the original will by

certified mail and received back the return receipt containing decedent's signature dated November 12, 1982. In opposition to a motion for summary judgment by respondent, who contested petitioner's application for probate of the will, petitioner contends that the existence of an undated, unsigned receipt for a photocopy of the will retained by Lois Monroe creates an issue of fact as to whether the missing original was last in the possession of decedent. Surrogate's Court granted respondent summary judgment, finding that the uncontradicted proof established that Lois Monroe mailed the now missing original will to decedent, and absent proof that it had not been revoked, the copy of the will could not be admitted to probate (see, SCPA 1407).

On this appeal petitioner argues that the weight and credibility of the evidence created an issue of fact as to whether Lois Monroe actually sent the original will to decedent. We disagree and affirm. It is undisputed that the original copy of the will is missing. Petitioner has failed to establish nonrevocation, the critical fact necessary for the admission of the copy to probate (Matter of Gray, 143 AD2d 751, 752, lv denied 74 NY2d 607). Here, the uncontradicted statement of the draftsman's widow established that the original will was last known to be in the possession of decedent, giving rise to the statutory presumption that he destroyed it animo revocandi (see, Collyer v Collyer, 110 NY 481). The burden is on petitioner to overcome this presumption (see, Matter of Staiger, 243 NY 468, 472) and on this issue petitioner has offered not proof, but only speculation.

Order affirmed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.