■ In the Matter of the Estate of MILDRED PHILBROOK, Deceased. ROBERT L. TRAVER et al., as Executors of the Estate of MILDRED PHILBROOK, Deceased, Appellants-Respondents; DOROTHY LENT, Individually and as Administratrix of the Estate of MILDRED PHILBROOK, Deceased, et al., Respondents-Appellants. (And Another Related Proceeding.)—Casey, J. Cross appeals from two orders of the Surrogate's Court of Fulton County (Lomanto, J.), entered April 24, 1991, which, *inter alia,* denied probate of a draft copy of decedent's last will and testament.

Decedent and her husband, Clinton Philbrook, were involved in an automobile accident which caused the death of the husband on September 19, 1989 and the death of decedent on October 8, 1989. Having no children, decedent's only heirs

were her four sisters and a brother, respondents herein. It appears that decedent and her husband had visited an attorney's office on July 12, 1978 to have their wills drawn. After Philbrook's death respondents found his executed will at the residence but did not find the executed will of decedent after her death. An unexecuted copy of decedent's will was attached to the petition which was initiated by Robert L. Traver and Emma Traver, friends of decedent, and the sole beneficiaries named in the unexecuted will.

The petition requests that pursuant to SCPA 1407 a copy of the will be admitted to probate. After respondents answered, and following a two-day hearing, respondents moved to dismiss the petition. Subsequently, Robert Traver (hereinafter Traver) commenced a related proceeding pursuant to SCPA 1401 to compel production of decedent's will. Respondents answered and counterclaimed for sanctions against Traver and his attorney. Traver responded. Surrogate's Court granted respondents' motions to dismiss both the SCPA 1407 and 1401 petitions, but denied respondents' request for sanctions. Petitioners appeal from the order entered in the SCPA 1407 proceeding, Traver appeals in the related proceeding and respondents cross-appeal from the denial of their request for sanctions.

In order to have the copy of the will probated, petitioners rely on the provisions of SCPA 1407 which provide:

"A lost or destroyed will may be admitted to probate only if

"1. It is established that the will has not been revoked, and

"2. Execution of the will is proved in the manner required for the probate of an existing will, and

"3. All of the provisions of the will are clearly and distinctly proved by each of at least two credible witnesses or by a copy or draft of the will proved to be true and complete."

Petitioners argue that Surrogate's Court erred in finding they did not prove due execution of the will when a presumption of proper execution attends a will that is prepared by an attorney, and that the evidence belies the court's finding that a diligent search was made for the will, especially because all of the testimony about the search came from respondents, who stand to gain if the will is not probated. Respondents claim that petitioners failed to overcome the presumption that a will is considered revoked if not found at the death of the testator and, further, that petitioners have not shown that the copy was properly executed because the attorney's testimony that

he had "no exact recollection" of drafting the copy is not enough to prove that the copy was in fact executed.

Although "a presumption of regularity" applies when an attorney supervises the execution of a will *(Matter of Hedges,* 100 AD2d 586, 587), Surrogate's Court must "otherwise [be] satisfied from all of the evidence that the will was properly executed" *(Matter of Collins,* 60 NY2d 466, 469-470). Here, the copy does not contain decedent's signature, nor the signature of either the attorney or his secretary who allegedly witnessed its execution, and neither the attorney nor his secretary could remember the details of the alleged execution. All that petitioners demonstrated was a receipt of payment for the attorney's services and the attorney's statement that it was his practice not to send a bill for services until a will had been executed. Surrogate's Court was, in our opinion, properly unsatisfied with proof of due execution of the copy *(see, Orser v Orser,* 24 NY 51, 52) because petitioners failed to prove that the copy was executed in a "manner required for the probate of an existing will" *(Matter of Gray,* 143 AD2d 751, 752, *lv denied* 74 NY2d 607).

Additionally, petitioners "failed to establish nonrevocation, the critical fact necessary for the admission of the copy to probate" *(Matter of Passuello,* 169 AD2d 1007, 1008), to satisfy petitioners' burden of rebutting the strong presumption of revocation by the testator that stands in the place of positive proof when a will previously executed cannot be found after a testator's death *(see, Matter of Fox,* 9 NY2d 400, 407). Petitioners cannot succeed on mere speculation and suspicion. They must "show, by facts and circumstances, that the will was actually fraudulently destroyed" *(Collyer v Collyer,* 110 NY 481, 486). Surrogate's Court was correct, therefore, in concluding that petitioners failed to overcome the presumption that decedent destroyed the will *(see, supra).*

Because petitioners have failed to meet their burden of showing that the will was not revoked or of showing that the copy was properly executed, we conclude that the use by Surrogate's Court of a former version of SCPA 1407 was harmless error because the above-mentioned determinative requirements have not been changed (SCPA 1407 [1], [2]).

With respect to the SCPA 1401 petition brought by Robert Traver, it is our view that Surrogate's Court properly dismissed it without a hearing. The purpose of a SCPA 1401 proceeding is to "discover whether any such paper purporting

to be a will was drafted and executed or purported to be executed * * * when and where it was last seen; and what persons have conspired to destroy, retain, or conceal such will * * * or have knowledge of such facts" *(Matter of Johnson,* 253 App Div 698, 700). On the basis of the testimony offered at the SCPA 1407 proceeding, which revealed that the witnesses could not remember the copy's execution and respondents could not find the will, Surrogate's Court correctly held that a hearing on the SCPA 1401 petition would have been unavailing *(see, Matter of Vieillard,* 17 Misc 2d 703). We have considered petitioners' additional claim that certain portions of petitioners' deposition testimony were improperly excluded and have concluded that the admission of such testimony would not have changed the decision of Surrogate's Court or compelled a different result.

Finally, regarding respondents' cross appeal from that part of the order of Surrogate's Court denying their motion for the imposition of sanctions, we do not find that sanctions are warranted in the circumstances *(see, Matter of Village of Johnson City v Bolas,* 157 AD2d 1009, 1011). The orders appealed from should be affirmed.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the orders are affirmed, with costs.