■ In the Matter of the Estate of ANN C. EVANS, Deceased. MARGARET MURRAY, Respondent; ROBERT J. CROSSEN et al., Appellants. [694 NYS2d 453] —In a proceeding pursuant to SCPA 1407 to admit a lost will to probate, the objectants appeal from an order of the Surrogate's Court, Dutchess County (Bernhard, S.), dated July 30, 1998, which denied their motion for summary judgment dismissing the petition.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the petition is dismissed.

The objectants contend that they are entitled to summary judgment because the petitioner has failed to come forward with sufficient evidence to overcome the presumption that the testator's lost will was revoked. We agree. At common law, "[w]hen a will previously executed cannot be found after the death of the testator, there is a strong presumption that it was revoked by destruction by the testator" (*Collyer v Collyer,* 110 NY 481, 486). Thus, if a will, shown once to have existed and to have been in the testator's possession, cannot be found after the testator's death, the legal presumption is that the testator destroyed the will with the intention to revoke it (*see, Matter of Staiger,* 243 NY 468; *Matter of Passuello,* 169 AD2d 1007). Pursuant to SCPA 1407 (1), the proponent has the burden of overcoming the common-law presumption by proving that the lost or destroyed will was not revoked by the testator during the testator's lifetime (*Matter of Fox,* 9 NY2d 400, 407-408). The presumption of revocation may be rebutted by facts and circumstances which show that the will was fraudulently destroyed during the testator's lifetime (*see, Matter of Philbrook,* 185 AD2d 550).

It is undisputed that the testator took the will into her custody immediately after it was executed in November 1985. However, the will could not be found at the time of her death, and there is no evidence of fraudulent destruction. Although the petitioner claims that the testator suffered from a visual disability, she was able to sign the will in 1985, and there is no competent proof of the extent of her disability. Moreover, even assuming that the testator suffered from a severe vision problem, it would not negate the possibility that she intentionally destroyed the will. Under these circumstances, the petitioner failed to raise an issue of fact as to whether she can overcome the presumption that the testator destroyed the will with the intention to revoke it (*see, Matter of Philbrook,* 185 AD2d 550, *supra*; *Matter of Passuello,* 169 AD2d 1007, *supra*).

Accordingly, the objectants' motion for summary judgment is granted, and the petition is dismissed. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.