■ In the Matter of the Estate of PETER T. DEMETRIOU, Deceased. EVAN DEFRANCESCO, Respondent; THEMIS VASSILIOU et al., Appellants. [851 NYS2d 636]—

In a proceeding pursuant to SCPA 1407 to admit a lost will to probate, (1) the objectant Themis Vassiliou appeals from a decision of the Surrogate's Court, Nassau County (Riordan, S.), dated June 29, 2006, and (2) the objectants, Themis Vassiliou,

Irene Demetriou, Theodore Demetriou, Michael Demetriou, and Chrysanthi Demetriou, appeal, as limited by their brief, from so much of an order of the same court dated April 23, 2007, as, upon the decision, denied their motion for summary judgment dismissing the petition.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see *Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

If a will, shown once to have existed and to have been in the testator's possession, cannot be found after the testator's death, the legal presumption is that the testator destroyed the will with the intention of revoking it (see *Collyer v Collyer*, 110 NY 481, 486 [1888]; *Matter of Evans*, 264 AD2d 482 [1999]; *Matter of Passuello*, 169 AD2d 1007 [1991]). This legal presumption may be overcome, and the lost will may be admitted to probate, if the petitioner establishes that the will was not revoked by the testator during his lifetime (see SCPA 1407 [1]; *Matter of Fox*, 9 NY2d 400, 407 [1961]). Here, the Surrogate's Court properly denied the objectants' motion for summary judgment dismissing the petition. Upon the objectants' showing that the original lost will had last been in the testator's possession and could not be found after the testator's death, the petitioner raised an issue of fact as to whether she can overcome the presumption that the testator destroyed the will with the intention of revoking it (cf. *Matter of Evans*, 264 AD2d 482 [1999]). Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.