█ In the Matter of EDMOND WINTERS, Deceased. KEVIN WINTERS, Respondent; JOHN E. LAWLER, Appellant. [923 NYS2d 730]—

In a proceeding commenced by Kevin Winters pursuant to SCPA 1001 to obtain letters of administration for the estate of Edmond Winters, in which John E. Lawler cross-petitioned pursuant to SCPA 1407 to admit a copy of a will of Edmond Winters to probate, John E. Lawler appeals from (1) an order of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), dated May 28, 2010, which granted the petitioner's motion for summary judgment on the petition and to dismiss the cross petition, and (2) a decree of the same court dated July 23, 2010, which, upon the order dated May 28, 2010, decreed that letters of administration be issued to the petitioner and dismissed the cross petition.

Ordered that the appeal from the order dated May 28, 2010, is dismissed; and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner payable by the appellant personally.

The appeal from the order dated May 28, 2010, must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in the proceeding (*see Matter*

*of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated May 28, 2010, are brought up for review and have been considered on the appeal from the decree.

In 2005, Edmond Winters (hereinafter the decedent) executed a will (hereinafter the Will). It is undisputed that the Will was validly executed, was kept in the decedent's possession after it was executed, and could not be located after his death. Following the decedent's death, his son Kevin Winters (hereinafter the petitioner) filed a petition in the Surrogate's Court to obtain letters of administration for the estate of the decedent. John E. Lawler, the decedent's attorney, filed an answer and objections to the petition in which he alleged that the Will had been fraudulently destroyed during the decedent's lifetime. Lawler subsequently cross-petitioned to admit a copy of the Will to probate.

In an order dated May 28, 2010, the Surrogate's Court granted the petitioner's motion for summary judgment on the petition and dismissing the cross petition. Thereafter, upon the aforementioned order, the Surrogate's Court entered a decree which decreed that letters of administration be issued to the petitioner and dismissed the cross petition. We affirm the decree.

If a will, shown once to have existed and to have been in the testator's possession, cannot be found after the testator's death, the legal presumption is that the testator destroyed the will with the intention of revoking it (*see Collyer v Collyer*, 110 NY 481, 486 [1888]; *Matter of Demetriou*, 48 AD3d 463, 464 [2008]; *Matter of Evans*, 264 AD2d 482 [1999]). This legal presumption may be overcome, and the lost will may be admitted to probate, if the party seeking probate establishes that the will was not revoked by the testator during his lifetime (*see* SCPA 1407 [1]; *Matter of Fox*, 9 NY2d 400, 407-408 [1961]). "The presumption of revocation may be rebutted by facts and circumstances which show that the will was fraudulently destroyed during the testator's lifetime" (*Matter of Evans*, 264 AD2d at 482; *see Matter of Philbrook*, 185 AD2d 550, 552 [1992]).

Here, the petitioner made a prima facie showing that the Will had last been in the decedent's possession and could not be found after the decedent's death (*see Matter of Demetriou*, 48 AD3d at 464). In opposition, Lawler failed to raise a triable issue of fact as to whether he could overcome the presumption that the decedent destroyed the Will with the intention of revoking it, as he offered "not proof, but only speculation" to attempt to show that the Will was fraudulently destroyed during the decedent's lifetime (*Matter of Passuello*, 169 AD2d 1007, 1008 [1991]; *see Collyer v Collyer*, 110 NY at 486; *Matter of Evans*,

264 AD2d at 482; *Matter of Philbrook*, 185 AD2d at 552). Accordingly, the Supreme Court properly granted the petitioner's motion for summary judgment and, thereafter, properly entered the decree.

In light of the foregoing, Lawler's contentions concerning the refusal of the Clerk of the Surrogate's Court, Westchester County, to accept his demand for a jury trial have been rendered academic. Covello, J.P., Chambers, Lott and Miller, JJ., concur.