OPINION OF THE COURT
Barbara Howe, J.
Decedent died at age 89 on October 2, 2012. Her husband had predeceased her in August 2008, and she was survived by four children: Frances, Joseph, Mary and Rosalie.
Although decedent had executed a will on May 14, 1996, only a conformed copy has ever been filed with this court. An affidavit from the attorney-draftsperson and witness to that will attests that, following its execution, the original will was given to decedent who then took it with her.
When a previously executed will cannot be found after death, there is a presumption that it was destroyed by the testator if it was in her possession (see Matter of DiSiena, 103 AD3d 1077 [2013]; Matter of Demetriou, 48 AD3d 463, 464 [2008]; Matter of Evans, 264 AD2d 482 [1999]). If the presumption applies, the proponent will then be required to establish that the testator did not revoke it during her lifetime (Matter of Fox, 9 NY2d 400, 407 [1961]). And, while the presumption is rebuttable, it may only be overcome “by clear and convincing evidence (Matter of Millen’s Will, 30 NYS2d 274, affd 264 App Div 936 [1942], affd 291 NY 613 [1943])” (Matter of Eisenstadt, NYLJ, Jan. 18, 2011 at 20, col 4).
Thus, at least at this juncture, there is no valid will before the court. If that circumstance continues, but without prejudging the matter, the estate apparently will pass by intestacy. (See generally Matter of Link, 146 Misc 2d 319 [1990]; Matter of Tutein, 2008 NY Misc LEXIS 6612, 240 NYLJ 76 [Sur Ct, Kings County, Oct. 17, 2008]; see also Turano and Radigan, New York Estate Administration, § 8.04 at 318 [2014 ed].)
Frances filed an application to become voluntary administrator of this estate on November 5, 2012, listing assets in a bank account of $20,149.88. Certificates were issued to Frances that same day to deal with the account.
On January 14, 2014, Mary and Joseph filed a petition seeking a compulsory accounting from Frances not only as to estate *648 assets but also to actions taken by Frances as decedent’s Mental Hygiene Law article 81 guardian. Frances has never formally answered this petition, but, on May 14, 2014, she filed a petition for judicial settlement of her accounts as fiduciary of the estate.
On June 10, 2014, a citation was issued by this court, returnable August 6, 2014, in the judicial settlement proceeding. Mary and Joseph filed objections on June 17, 2014. On the citation return date, the parties appeared before the undersigned and agreed on the record to do document discovery.[1]
However, following her court appearance on August 6, 2014, Frances filed a motion for summary judgment, seeking dismissal of the objections and approval of her accounting. The motion was returnable September 3, 2014. Opposing papers were filed on Mary and Joseph’s behalf on August 27, 2014.
Frances argues that the objections were interposed incorrectly according to the rules of court. Specifically, she relies on Uniform Rules for Surrogate’s Court (22 NYCRR) § 207.41 which provides, insofar as relevant here:
“On any accounting by an executor, administrator, temporary administrator, guardian or trustee, any creditor or any other party interested may file objections thereto in writing within such time as shall be allowed by the Surrogate. Such objections must be served upon the accounting party or the accounting party’s attorney before the filing thereof in the court” (emphasis added).
Frances also relies on Matter of DeSantis (266 AD2d 391 [1999]), in which the Appellate Division, Second Department, summarily held, citing section 207.41 of the Rules, that the Orange County Surrogate Judge had acted properly by not considering objections to an accounting where the objections had been filed with the court prior to being served on the fiduciary.[2]
For the reasons which briefly follow, I decline to follow De-Santis, and I also conclude that there is no merit to Frances’ motion for accelerated judgment.
I observe first that this estate is an e-filed matter, and that Frances is a consenting e-filing party. The objections were paper *649 filed by Mary and Joseph on June 17, 2014, and uploaded into the e-filing system on June 20, 2014.
Under section 207.4-a (c) (1) of the Rules (22 NYCRR), a “party who chooses to participate as an e-filer must thereafter file, serve, and accept service of all documents electronically” (emphasis added). Section 207.4-a (g) (2) of the Rules (22 NYCRR) further provides that, except with respect to obtaining jurisdiction over a party to a proceeding, “where service of documents is required, e-service may be made upon any party who is an e-filer in the proceeding.”
Thus, because Frances is an e-filing party in this matter, she consented as a matter of law to accept service of all papers— except process used to obtain jurisdiction over her in a proceeding—by “e-service.” Here, Frances was duly served on June 20, 2014 when this court uploaded the objections into the e-filing system.
Moreover, as with consenting e-filing parties generally, any conflict between section 207.4-a (c) (1) or (g) (2) would seem necessarily to be resolved against a strict application of the section 207.41 requirements.
Second, in Matter of Rad (2008 NY Misc LEXIS 10876, *9 [Sur Ct, NY County 2008], affd 73 AD3d 595 [2010]), Surrogate Roth of the New York County Surrogate’s Court, declined to adhere to a strict application of section 207.41 of the Rules, or to follow DeSantis, and held that “in the absence of a persuasive showing of prejudice to the fiduciary, the objections will be considered on the merits.” Judge Roth’s decision was affirmed by the Appellate Division, First Department, although the issue relating to section 207.41 of the Rules was not specifically addressed.
Because the Appellate Divisions of the First and Second Departments have taken differing views of when, if and how to apply section 207.41 of the Rules, and where neither our Appellate Division, Fourth Department, nor the Court of Appeals, has addressed the issue, I am not required to follow one view as opposed to another (see Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [1984]; D’Alessandro v Carro, 123 AD3d 1 [2014]; and see People v Turner, 5 NY3d 476, 482 [2005])—that is, I am not required to follow either DeSantis or Rad, or I may determine which I believe is the better approach as between the two. Here, I find that, under the circumstances of this case, where Frances was served with the objections no more than *650 three days after they were filed, no claim of prejudice could conceivably arise, and they should be considered on the merits.

. Rosalie has not appeared in this proceeding or filed objections. Frances has failed to file an SCPA 1411 citation, and none has ever been served on Rosalie.

. There is nothing in the DeSantis decision to indicate when service of the objections occurred relative to when they had previously been filed.