Matter of Scollan (2018 NY Slip Op 03287)





Matter of Scollan


2018 NY Slip Op 03287


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


563 CA 17-01938

[*1]IN THE MATTER OF THE ESTATE OF NINA SCOLLAN, DECEASED. 
THERESA MILLUS, PETITIONER-APPELLANT, 
 
v
SERGEY SCOLLAN, RESPONDENT-RESPONDENT. 






COMARDO LAW FIRM, P.C., AUBURN (BENJAMIN M. KOPP OF COUNSEL), FOR PETITIONER-APPELLANT.
BOYLE & ANDERSON, P.C., AUBURN (DAVID G. TEHAN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Surrogate's Court, Cayuga County (Mark H. Fandrich, S.), dated January 17, 2017. The order granted respondent's motion for summary judgment dismissing the amended petition for probate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking, inter alia, admission to probate of a photocopy of the will of Nina Scollan (decedent) dated March 2008. In her affidavit supporting the amended petition, petitioner asserted that she was seeking the admission of the photocopy of the will inasmuch as "the original has been lost or destroyed." Petitioner further asserted that she was decedent's primary caregiver during the last 7 to 10 years of decedent's life, decedent spoke disparagingly of respondent, decedent's son, and decedent told petitioner that she "would be receiving everything" upon decedent's death.
Surrogate's Court properly granted respondent's motion for summary judgment dismissing the amended petition. "A lost or destroyed will may be admitted to probate only if . . . [i]t is established that the will has not been revoked" (SCPA 1407 [1]).
" When a will previously executed cannot be found after the death of the testator, there is a strong presumption that it was revoked by destruction by the testator' " (Matter of Fox, 9 NY2d 400, 407 [1961]). That "strong presumption of revocation by the testator . . . stands in the place of positive proof when a will previously executed cannot be found after a testator's death" (Matter of Philbrook, 185 AD2d 550, 552 [3d Dept 1992]; see Matter of Staiger, 243 NY 468, 472 [1926]). Respondent was thus entitled to rely on the presumption to meet his burden on the motion (see Matter of Winters, 84 AD3d 1388, 1389 [2d Dept 2011]; Matter of Evans, 264 AD2d 482, 482 [2d Dept 1999]; Matter of Passuello, 169 AD2d 1007, 1008 [3d Dept 1991]). In addition, petitioner's own submissions established that decedent asked to retain the original will in her possession, and the attorney who drafted the will had the original delivered to decedent shortly after its execution (cf. Matter of Castiglione, 40 AD3d 1227, 1229 [3d Dept 2007], lv denied 9 NY3d 806 [2007]).
In opposition to the motion, petitioner failed to present evidence sufficient to raise a question of fact whether the presumption of revocation may be overcome (see Winters, 84 AD3d 1389; Evans, 264 AD2d at 482; Passuello, 169 AD2d at 1008). The presumption is unaffected by evidence that decedent's attorney retained a copy of the will at his office and that decedent never advised him that she intended to revoke the will (see Matter of Robinson, 257 App Div [*2]405, 407 [4th Dept 1939]). Nor may the presumption be overcome with hearsay accounts of decedent's statements concerning her testamentary intentions (see Fox, 9 NY2d at 406; Matter of Kraus, 17 AD2d 653, 653 [2d Dept 1962]). Finally, while the presumption of revocation may be overcome with circumstantial evidence (see Matter of Mittelstaedt, 278 App Div 231, 233 [1st Dept 1951]), "[p]etitioner[] cannot succeed on mere speculation and suspicion" (Philbrook, 185 AD2d at 552). Rather, petitioner must present "facts and circumstances which show that the will was fraudulently destroyed during the testator's lifetime" (Evans, 264 AD2d at 482; see Collyer v Collyer, 110 NY 481, 486 [1888]). Here, petitioner offered nothing more than speculation and suspicion to support her theory that respondent or someone acting on his behalf fraudulently destroyed the will. In sum, therefore, "petitioner failed to raise an issue of fact as to whether she can overcome the presumption that the testator destroyed the will with the intention to revoke it" (Evans, 264 AD2d at 482).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court