Matter of Kusnyer (2021 NY Slip Op 02950)





Matter of Kusnyer


2021 NY Slip Op 02950


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


960 CA 19-02261

[*1]JOSEPH J. KUSNYER, JR., DECEASED. CHARITIE JOHNSON, PETITIONER-APPELLANT; SYLVIA FERINCZ AND KENNETH FERINCZ, RESPONDENTS-RESPONDENTS. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CHAD A. DAVENPORT OF COUNSEL), FOR PETITIONER-APPELLANT. 
MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Surrogate's Court, Erie County (Acea M. Mosey, S.), entered November 13, 2019. The order, inter alia, dismissed the petition to compel the production of a will. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding to compel production of a will pursuant to SCPA 1401, seeking, inter alia, an order requiring respondents to be examined regarding the will decedent executed in 2007. That will included a provision that, "[i]n the event that [decedent] own[ed] [his residence] . . . at the time of [his] death, [he would] devise and bequeath said [residence], together with all household furniture and furnishings therein," to petitioner, his mail carrier. It is undisputed that, by warranty deed recorded in 2015, the validity of which is not challenged in this proceeding, decedent transferred his residence to his sister, respondent Sylvia Ferincz, and her son, respondent Kenneth Ferincz, and retained a life estate for himself. Respondents moved to dismiss the petition, submitting in support of their motion the affidavit of Sylvia, who averred that she was not in possession of the original will or any copy of it because decedent, during the final two years of his life, had reconsidered the will and destroyed it. Petitioner thereafter moved by order to show cause for a preliminary injunction and temporary restraining order pursuant to CPLR 6301, 6311, and 6313 enjoining respondents from, inter alia, transferring the residence.
Surrogate's Court considered the petition, the motion, and the order to show cause together and made a summary determination denying and dismissing the petition and denying petitioner's application for injunctive relief (see CPLR 406, 409 [b]). Petitioner appeals, and we affirm.
Pursuant to SCPA 1401, "[w]henever it shall appear to the court . . . that there is reasonable ground to believe that any person has knowledge of the whereabouts or destruction of a will of a decedent the court may make an order requiring the person or persons . . . to attend and be examined." "The proceeding for production of a will is an independent special proceeding and has no relation to any other proceeding. It determines no rights but only directs the production and filing of a will" (26 Carmody-Wait 2d § 152.31 at 279-280; see also Matter of Johnson, 253 App Div 698, 700 [2d Dept 1938]; Matter of Babakhanian, 21 Misc 3d 1106[A], 2008 NY Slip Op 51982[U], *2 [Sur Ct, Nassau County 2008]). We conclude that the Surrogate properly exercised her discretion and dismissed the petition (see generally SCPA 1401; Matter of Dessauer, 96 AD3d 1560, 1561 [4th Dept 2012]). There is no dispute that the will existed, and in light of Sylvia's statement in her affidavit that decedent destroyed the will, the Surrogate [*2]"correctly held that a hearing on the SCPA 1401 petition would have been unavailing" inasmuch as the questions within the limited scope of the proceeding had been answered (Matter of Philbrook, 185 AD2d 550, 553 [3d Dept 1992]).
We likewise reject petitioner's contention that the Surrogate erred in denying her application for a temporary restraining order and preliminary injunction. Petitioner's application for preliminary relief with respect to the residence did not relate to the limited subject of the proceeding, i.e., the "whereabouts or destruction of" the will (SCPA 1401; see Philbrook, 185 AD2d at 552-553), and a proceeding pursuant to SCPA 1401 is not one in which petitioner would be "entitled to a judgment restraining" respondents from taking any action regarding the subject property (CPLR 6301).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court