| |
|---|
| **Matter of Lobuono** |
| 2025 NY Slip Op 31525(U) |
| March 26, 2025 |
| Surrogate's Court, Bronx County |
| Docket Number: File No. 2023-122 |
| Judge: Nelida Malave-Gonzalez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT, BRONX COUNTY

March 26, 2025

ESTATE OF CAMILLE LOBUONO, Deceased
File No.: 2023-122

In this uncontested SCPA 1407 proceeding, one of the decedent's daughters ("Petitioner") seeks to probate an original conformed copy of her mother's purported Last Will and Testament, dated October 27, 1983 (the "Instrument") and receive Letters of Administration cta.

The decedent died on December 27, 2021 at the age of 78, survived by Petitioner and three other daughters as her only distributees, all of whom consent to the application. The Instrument's nominated executor is the decedent's mother, who predeceased. Its nominated successor executor is one of the decedent's other daughters, who renounced her right to serve. The Instrument distributes the decedent's residuary estate to all of her daughters in equal shares, per stirpes.

The Instrument contains an attestation clause bearing the signature of two witnesses. A self-proving affidavit was not executed and both witnesses are now deceased. Pursuant to SCPA 1405, Petitioner asks the court to dispense with the testimony of the attesting witnesses. To that end, Petitioner has submitted two affidavits, one verifying the decedent's handwriting, the other confirming a deceased witness' signature.

In support of her SCPA 1407 application, Petitioner filed an

[* 1]

affidavit stating that she found an original, "wet ink" conformed copy of the Instrument in decedent's residence after the decedent passed away, kept with other important legal documents such as her divorce decree. The affidavit further states that the original Instrument could not be located after a diligent search.

A copy of a lost or destroyed will may be admitted to probate where: (1) it is established that the will has not been revoked; (2) execution of the instrument is proved in the manner required for the probate of an existing will; and (3) all of the will's provisions are clearly and distinctly proved by each of at least two credible witnesses or by a copy or draft of the will proved to be true and complete (*see* SCPA 1407; *see also Matter of McKenna*, 213 AD3d 765, 766 [2d Dept 202 3], citing *In re Estate of DiSiena*, 103 AD3d 1077, 1078 [3d Dept 2013]; *Matter of Castiglione*, 40 AD3d 1227, 1229 [3d Dept 2007]).

A strong presumption of revocation applies where an original copy of an executed instrument cannot be located after a testator's death if that original was in the testator's possession (*see* SCPA 1407 [1]; *see also In re Will of Fox*, 9 NY2d 400, 407 [1961], quoting *Collyer v Collyer*, 110 NY 481, 486 [1888]; *Matter of Gottlieb*, 75 AD3d 99, 105 [1st Dept 2010], lv denied 16 NY3d 706 [2011]; *see also Matter of Marotta*, 137 AD3d 787, 788 [2d Dept 2016]; *Matter of Demetriou*, 48 AD3d 463, 464 [2d Dept 2008]). This legal presumption may be overcome, and the lost will may nonetheless

be admitted to probate if the petitioner establishes that the will was not revoked by the testator during his lifetime (*see Matter of Demetriou*, 48 AD3d at 464, citing *In re Will of Fox*, at 407). However, where the presumption is not overcome, the lost will may not be admitted to probate (*see Matter of Passuello*, 169 AD2d 1007, 1008 [3d Dept 1991]).

Courts have determined that the legal presumption of a will's revocation can be overcome in specific circumstances where the testator's intent to preserve the will is evident. For example, in the case where a decedent's will was left in her apartment when she went to the hospital and did not return home, the court found that the presumption had been rebutted (*see Estate of Sayers*, 2008 N.Y. Misc. LEXIS 1488, at *1-2 [Sur. Ct., New York County Mar. 7, 2008]). Similarly, the presumption of revocation was refuted when a copy of the will was found carefully preserved in the decedent's safe deposit box along with other important personal documents (*see Estate of Jack Locker*, 2009 NYLJ LEXIS 6542 [Sur. Ct., Bronx County 2009]). Finally, it has been held that a decedent's retention of a codicil and a copy of the will in an envelope in his bedroom drawer contradicted any presumption of revocation (*see In re Estate of Herbert*, 89 Misc 2d 340, 342 [Sur. Ct., Nassau County 1977]).

Furthermore, if all of the attesting witnesses are dead, a will may nevertheless be admitted to probate upon proof of the testator's handwriting and of at least one of the attesting witnesses, along with such

4

other facts as would be sufficient to prove the will (*see* SCPA 1405 [4]).

On this state of the record, including the affidavit stating that Petitioner found a copy of the Instrument amongst the decedent's other important personal documents in a natural place of custody, the lack of any opposition to Petitioner's application, and the fact that the Instrument distributes the estate's assets in the same manner as intestacy, the court is satisfied that the Instrument dated October 27, 1983, was not revoked by the decedent during her lifetime (*see* SCPA 1407 [1]).

The court is further satisfied that the submission of the handwriting affidavits for the testator and one of the attesting witnesses fulfills the prerequisites under SCPA 1405 (4) to dispense with the testimony of both attesting witnesses and admit the Instrument to probate as the decedent's will.

Finally, the court finds that the original of the Instrument was validly executed and, at the time of its execution, the testator was competent to make a will and not under restraint (*see* EPTL 3-2.1; SCPA 1405, 1407[2], 1408). In addition, the provisions of the lost Instrument have been proved by the original conformed copy of the Instrument, which has been established as a true and complete copy of the decedent's executed will (*see* SCPA § 1407 [3]).

Accordingly, the conformed copy of the Instrument dated October 27, 1983, is entitled to be admitted to probate as the decedent's will,

5

and Letters of Administration shall issue to Petitioner upon her duly qualifying

and posting a bond in the penal sum of $ 0.00                .

Decree signed.

_____
HON. NELIDA MALAVÉ-GONZALEZ
SURROGATE

[* 5]